DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elaine Peters, appeals from the judgment of the Medina County Court of Common Pleas that determined she was personally liable to Appellee, Margie Naso-Draiss, in the amount of $21,750. We affirm.
 {¶ 2} On October 15, 2001, Appellee filed a complaint against Appellant for unjust enrichment. The matter was heard before a magistrate and a decision was rendered in favor of Appellee on November 27, 2002. Appellant timely filed objections. The transcript was filed shortly thereafter. After reviewing the transcript, Appellant alleged that a portion of the proceedings were not recorded. A supplemental objection was then filed and Appellant requested that the trial court either accept additional evidence offered through affidavit or, pursuant to Civ.R. 53, conduct a hearing or remand the matter for the taking of additional testimony. The trial court overruled Appellant's objections and affirmed the decision of the magistrate. Appellant timely appealed asserting two assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred by sustaining, over objections, findings of fact and conclusions of law not supported by the manifest weight of the evidence."
 {¶ 3} In her first assignment of error, Appellant maintains that the trial court erred in sustaining the magistrate's findings of fact as they were against the manifest weight of the evidence. We disagree.
 {¶ 4} The appellate court applies the same standard of review when determining whether a criminal or civil judgment is against the manifest weight of the evidence. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at 14. "[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340. This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of the appellant. Id.
 {¶ 5} In order to establish the existence of a contract, an appellant must show that the parties consented to the terms, there was a meeting of the minds between them, and that the terms of the contract were definite and certain. Episcopal RetirementHomes, Inc. v. Ohio Dept. of Indus. Relations (1991),61 Ohio St.3d 366, 369. See, also, Coyne v. Hodge Constr., Inc., 9th Dist. No. 03CA0061-M, 2004-Ohio-727, at ¶ 8.
 {¶ 6} At the hearing, both Appellant and Appellee testified regarding the circumstances surrounding Appellee's $27,000 investment. The evidence presented indicates that Appellant and her husband owned all shares in the corporation Business Services Solutions ("BSS"), at which Appellee was employed. Appellant offered to sell Appellee a 10 percent share in the business. This was to be done through a sale of a portion of the shares owned by Appellant's husband Appellee tendered a check to Appellant in the amount of $27,000. There was no evidence presented regarding the husband's knowledge or consent to the sale. Additionally, Appellant testified that Appellee failed to sign the right of first refusal agreement, which was, according to Appellant, a condition precedent to completion of the sale. Appellant admitted that Appellee did not receive the stock certificates because Appellee did not sign the required document. Appellant stated that fourteen payments of $325, for a total of $5,250, were made to Appellee for reimbursement. She explained that the remainder of Appellee's monies were not returned as the corporation was unable to continue making the payments. Last, Appellant maintained that the agreements for the sale of stock and reimbursement of Appellee's funds were between Appellee and BSS and, therefore, she was not personally responsible for returning Appellee's monies.
 {¶ 7} The parties also testified regarding Appellee's changed work duties after the $27,000 was tendered. Appellee became the vice president of BSS and experienced an increase in her job duties and salary. Appellant testified that there was an agreement that the increase in Appellee's salary was a "way to get money through the back door to [Appellee] to buy back her investment[.]" Thus, she asserted that the increase in Appellee's pay should be subtracted from the balance owed to Appellee. The record is devoid of evidence suggesting that Appellee agreed to this proposition.
 {¶ 8} Clearly, the court, in weighing the evidence, the credibility of the witnesses and testimony elicited at the hearing, could have concluded that the contract was not consummated and therefore Appellant was responsible for the return of Appellant's funds. Moreover, a determination as to what occurred is a question for the trier of fact, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. See State v. Jenks (1991),61 Ohio St.3d 259, 273. After careful review of the record, we are unable to conclude that the trier of fact lost its way and created a manifest miscarriage of justice when rendering a judgment in favor of Appellee. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred by not considering additional evidence offered upon objection, or by not remanding to the magistrate for further evidence, where the record of proceedings of the trial before the magistrate was incomplete."
 {¶ 9} In her second assignment of error, Appellant asserts that the trial court erred when it did not consider the additional evidence offered, via affidavit, or remand the matter for further proceedings when the transcribed record of the hearing before the magistrate was incomplete. For the following reasons, we disagree with Appellant's asserted error.
 {¶ 10} Pursuant to Civ.R. 53(E)(3)(c), when a party objects to a magistrate's decision,
"[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
Thus, when a complete transcript is unavailable, a party may support her objections with an affidavit of the relevant evidence presented at the hearing when: "(1) she demonstrates that a transcript is not available, and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant." In re Wiegreff,
9th Dist. No. 20693, 9th Dist. No. 20693, 2001-Ohio-1883, at 3, citing Csongei v. Csongei (July 30, 1997), 9th Dist. No. 18143, at 3-5.
 {¶ 11} In the present matter, Appellant asserts that the transcript of proceedings before the magistrate was incomplete. The court, however, thought otherwise and indicated that a complete transcript of the proceedings was submitted. Moreover, even if we were to assume that Appellant demonstrated that a complete transcript was unavailable, she nevertheless failed to comply with the requirements of Civ.R. 53(E)(3)(c). Specifically, she admittedly did not provide the trial court with a complete transcript of the proceedings, nor a proper substitute. Although Appellant submitted an affidavit with her supplemental objections, it does not attempt to satisfy the statutory requirements. The affidavit must describe the evidence presented to the magistrate. Blinsky v. Protain, 7th Dist. No. 00 C.A. 80, 2001-Ohio-3321 (presuming regularity of the trial court's judgment when the affidavits presented to the court did not describe the evidence presented in front of the magistrate). See, also, Wiegreff, supra, at 4.
 {¶ 12} Thus, as Appellant failed to comply with Civ.R. 53(E)(3)(c), the trial court would have been required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. Wiegreff, supra, at 4, citingState ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d 728, 730, 1995-Ohio-272. Likewise, this Court would also be limited to that the same standard of review. Wiegreff, supra, at 4, citing Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091, at 4. As Appellant's argument focuses on whether the manifest weight of the evidence supported the trial court's decision, this Court would be unable to pass upon those factual issues without a complete record of the evidence and would thus be required to affirm the decision of the trial court. SeeWeigreff, supra, at 4. Accordingly, Appellant's second assignment of error is overruled.
 {¶ 13} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Baird, J., Concur.