OPINION
{¶ 1} This is an accelerated calendar appeal, emanating from a final judgment of the Warren Municipal Court. Appellant, Dominic Fontanella, seeks the reversal of the trial court's determination to overrule his objections and adopt a magistrate's decision as to the final disposition of all pending claims in the civil action. As the primary basis for the appeal, appellant maintains that the trial court should have rejected the decision of the magistrate because it was not supported by the manifest weight of the evidence.
 {¶ 2} Appellee, Frank R. Bodor, is a licensed attorney whose business office is located in Warren, Ohio. In March 2005, appellant contacted appellee's office for the purpose of discussing a possible lawsuit for libel and slander. Prior to this contact, appellant had raised the matter with three other attorneys who had not charged him a fee for the initial consultation. Appellant had chosen to contact appellee because he was already aware that appellee had been involved in prior libel actions.
 {¶ 3} After having an initial discussion over the telephone, the parties agreed to have a meeting on the matter at appellee's office. This meeting lasted for approximately one hour. At the conclusion of the consultation, appellee told appellee that proper grounds for a possible lawsuit did not exist. As a result, the parties did not reach any agreement for appellee to provide legal representation for appellant.
 {¶ 4} Within days following their meeting, appellee mailed appellant a bill stating that a fee of $185 was owed for the consultation. In response, appellant sent appellant a letter in which he asserted that, although he was aware that appellee's hourly rate was $185, he had never been informed that he would have to pay a fee for the initial consultation. Appellant further asserted that the fee was excessive, and that appellee had not stated anything to him during their meeting which he had not already heard from the other three attorneys he had consulted. Based upon this, appellant offered to settle the fee dispute for $20.
 {¶ 5} Without replying to this letter, appellee filed a small-claims complaint with the trial court, seeking recovery of the sum owed on the account, plus interest. In responding to appellee's claim, appellant submitted his own complaint in which he again asserted that the fee for the one-hour consultation was excessive. In addition, appellant raised two counterclaims against appellee, sounding in fraud and malpractice. During the ensuing litigation, appellant alleged that appellee had committed fraud by stating that there had been an oral agreement concerning the payment of a fee for the consultation. In regard to his malpractice claim, he essentially alleged that appellee had acted negligently in not pursuing a libel action in his behalf.
 {¶ 6} Approximately ten days after appellant had filed his own complaint, an evidential hearing on the case was held before a municipal court magistrate. This proceeding was not recorded in any fashion. In support of his complaint, appellee presented evidence in the form of his own testimony and that of his secretary. In addition to submitting certain documentary evidence, appellant also testified in his own behalf.
 {¶ 7} Two days following the hearing, the magistrate rendered his decision on all three pending claims. As to appellee's complaint, the magistrate noted that there had been conflicting evidence concerning whether appellant had agreed to pay appellee's normal hourly fee for the consultation. Without resolving the factual conflict, the magistrate held that, since there was no dispute that appellee had met with appellant for approximately one hour, appellee was entitled to the reasonable value of those services. In support of this holding, the magistrate emphasized that there had been nothing in the evidence to indicate that appellee had told appellant that no fee would be charged in regard to the consultation. Finally, the magistrate concluded that, even though an hourly rate of $185 was not excessive, the reasonable value in the instant locality for the services rendered by appellee would be $150.
 {¶ 8} As to appellant's complaint, the magistrate expressly found that he had not made any showing of fraud or malpractice on the part of appellee. Specifically, the magistrate found that: (1) appellee never stated that he was accepting appellant's libel case; and (2) appellee had no obligation to accept the case. Predicated upon this, the magistrate ultimately held that appellee was entitled to prevail on all pending claims for relief.
 {¶ 9} Immediately after the release of the foregoing decision, appellant first moved the magistrate, pursuant to Civ.R. 52, to issue findings of fact and conclusions of law on the matter tried before him. In conjunction with his memorandum in support of this motion, appellant submitted his own affidavit regarding the evidence which had been presented during the evidential hearing. Appellant stated in the memorandum that, because that hearing had not been recorded, the affidavit was intended to be used as a substitute for a transcript. Appellant further stated that, in submitting the affidavit, he was attempting to comply with the requirements of Civ.R. 53(E)(c)(3).
 {¶ 10} Three days after submitting his Civ.R. 52 request, appellant filed his objections to the magistrate's decision. In his first two objections, he maintained that the magistrate had erred in not responding to his request for findings of fact and conclusions of law. Under his remaining objections, appellant challenged the substance of the magistrate's actual decision on the three claims for relief.
 {¶ 11} At the same time he submitted his objections, appellant also moved for a default judgment on his two counterclaims. In support of this particular motion, he noted that appellee had never filed an answer to his complaint.
 {¶ 12} Once appellee had filed an abbreviated response to the Civ.R. 52 motion and the "default" motion, the trial court rendered its final judgment for the entire case. First, the trial court overruled appellant's objections, based on its own independent review of the parties' submissions. Second, the court adopted the magistrate's decision and entered judgment in favor of appellee for the sum of $150. Third, the court "dismissed" each of appellant's counterclaims.
 {¶ 13} In now appealing to this court, appellant has assigned the following as error:
 {¶ 14} "[1.] The trial court erred to the prejudice of appellant by adopting the magistrate's decision by failure to judge the manifest weight of [the] evidence by the appellant and no evidence by the appellee.
 {¶ 15} "[2.] The trial court erred by affirming the magistrate's decision [and] prejudiced appellant when it dismissed the counter-claim malpractice with credible evidence presented and damages.
 {¶ 16} "[3.] The trial court erred by prejudiced the appellant by dismissing the counterclaim without just cause."
 {¶ 17} Under his first assignment, appellant contests the substance of the magistrate's decision concerning appellee's sole claim for payment of the attorney fees. Specifically, he submits that the trial court should have rejected the magistrate's ruling on that claim because it was against the manifest weight of the evidence in two respects. According to appellant, the magistrate first erred in failing to find that the parties never reached a true agreement as to the payment of a consultation fee. Second, appellant argues that the magistrate should have found that his evidence had clearly demonstrated that it was not customary for an attorney to charge a fee for an initial consultation.
 {¶ 18} At the outset of our analysis, this court would note that if a party seeks to raise on appeal a "manifest weight" question regarding a decision of a trial court magistrate, it is incumbent that the party had complied with Civ.R. 53(E)(3)(c) when the party raised the question at the trial level. That rule provides that, in objecting to a magistrate's finding of fact, a party must support the objection with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 19} In applying Civ.R. 53(E)(3)(c), this court has consistently held that the rule places the burden of providing a transcript or affidavit expressly upon the objecting party, and that the failure to meet this burden before the trial court precludes the party from raising the factual issue on appeal. See, e.g., Brown v. Gabram, 11th Dist. No. 2004-G-2605,2005-Ohio-6416, at ¶ 17, quoting Calhoun-Brannon v. Brannon,
11th Dist. No. 2003-T-0019, 2003-Ohio-7216, at ¶ 9. We have further held that when factual issues cannot be considered as a result of noncompliance with the rule, the scope of our review is limited to determining whether any error of law or other defect is readily apparent on the face of the magistrate's decision.Brown, at ¶ 18, quoting Lovas v. Mullett (July 29, 2001), 11th Dist. No. 2000-G-2289, 2001 Ohio App. LEXIS 2951, at *5.
 {¶ 20} In the instant appeal, it is undisputed that the evidential hearing before the court magistrate was not recorded in any fashion; as a result, a transcript was unavailable for submission to the trial court. Furthermore, our review of the entire record indicates that appellant did file a document which he captioned as an affidavit of the hearing evidence pursuant to Civ.R. 53(E)(3). Although this affidavit was not attached to his objections to the magistrate's decision, it was submitted in conjunction with his request for findings of fact and conclusions of law under Civ.R. 52.
 {¶ 21} However, while it is apparent from reading the affidavit that appellant understood that the document was intended as a substitute for a transcript, a review of its contents shows that it does not set forth a complete statement of the evidence presented to the magistrate. Specifically, even though appellant's affidavit does note that appellee and his secretary did testify at the hearing, it does not provide a statement of the substance of their testimony. Instead, the affidavit only contains references to the basic substance of appellant's own evidence. In addition, the majority of the document merely sets forth appellant's legal arguments on the various issues.
 {¶ 22} In construing Civ.R. 53(E)(3)(c), the courts of this state have concluded that an affidavit of the evidence cannot be used as a substitute for a transcript unless it refers to all of the relevant evidence submitted to the magistrate, as compared to selected parts of the evidence which the objecting party believes is critical. Gladden v. Grafton, 10th Dist. No. 05AP-567, 2005-Ohio-6476; Naso-Draiss v. Peters, 9th Dist. No. 03CA0086-M, 2004-Ohio-1983. In the instant action, the testimony of appellee and his secretary would have been relevant to the resolution of the "fee" claim. Thus, because appellant's affidavit did not provide a complete statement of the relevant evidence, it could not be considered by the trial court in ruling on appellant's objections. In turn, this means that this court cannot engage in a normal "manifest weight" analysis in reviewing appellant's first assignment of error.
 {¶ 23} Notwithstanding the foregoing, we would make the following observations as to appellant's two arguments under this assignment. First, in regard to his contention that the magistrate should have found that no agreement on the "consultation" fee was ever reached, this court would note that the magistrate implicitly made that exact finding. As was stated above, the magistrate held that, even though there was conflicting evidence concerning whether appellant had been informed of the consultation fee, appellee was still entitled to be compensated for the reasonable value of his services. Although not expressly stated in the decision, it is evident that the magistrate applied the doctrine of quantum meruit. In relation to attorney fees, the doctrine of quantum meruit provides that when an attorney performs work for a client in the absence of a fee agreement, he is still entitled to receive compensation for his services. See Saker Family Trust v. Elio International, Inc.
(June 6, 2000), 10th Dist. No. 99AP-945, 2000 Ohio App. LEXIS 2393. Pursuant to this doctrine, the measure of the attorney's damages is not a "contract" amount; rather, it is the reasonable value of the services actually rendered. Id.
 {¶ 24} Again, in light of the fact that the magistrate decided to apply the doctrine of quantum meruit in this instance, it follows that he implicitly concluded that the parties had not had a meeting of the minds in regard to a consultation fee. To this extent, even if this court could engage in proper "manifest weight" analysis, the outcome of such an analysis would not establish any error in the logic of the magistrate.
 {¶ 25} Under the second argument of his first assignment, appellant contends that the magistrate failed to consider the evidence he presented which demonstrated that other attorneys in the local legal community did not charge a fee for an initial consultation. In addition to again noting that this court cannot review appellant's evidence on this point in the absence of a proper affidavit of the evidence, we would indicate that the practice of other attorneys in regard to consultation fees would not be relevant to the situation in this case. That is, if there was some evidence presented to the magistrate showing that appellant was told in this instance that an initial consultation would not be free, his experience with other attorneys would have no bearing on the matter. Thus, the extent of appellant's evidence as to the practice of other attorneys would have no effect upon the logic of the magistrate.
 {¶ 26} Finally, in conjunction with his second argument, appellant also asserts that there was no evidence to support the court magistrate's finding that the reasonable value of appellee's services was $150. In relation to this point, this court would emphasize that the determination of the reasonable value of legal services would involve the review of various factors. See Korey v. Gross, 5th Dist. No. 2002 CA 00438,2004-Ohio-4940, at ¶ 28. However, since the record before us does not contain a proper statement of the evidence which may have been submitted as to the relevant factors, this issue cannot be properly reviewed in this appeal.
 {¶ 27} As was stated above, when an objecting party fails to provide a valid statement of the evidence presented at the evidential hearing, the magistrate's decision can only be reviewed to determine if his legal conclusions are consistent with his factual findings. Upon considering the instant decision, this court holds that the magistrate's findings of fact supported the application of the doctrine of quantum meruit. Thus, because the trial court did not err in adopting the magistrate's decision regarding appellee's "fee" claim, the first assignment in this appeal lacks merit.
 {¶ 28} Under his next assignment, appellant challenges the determination to dismiss his legal malpractice claim on the basis of insufficient evidence. Essentially, he argues that he presented some credible evidence which supported the finding that appellee had acted negligently in failing to initiate a civil action based upon his assertion of libel. In support of this argument, appellant refers to the underlying facts which, according to him, would have established that his reputation had been damaged by statements made by an employee of a city library.
 {¶ 29} Obviously, any determination on our part concerning whether appellant was able to establish the elements of legal malpractice would involve a review of the evidence presented to the magistrate. As was noted under the first assignment, appellant failed to submit with his objections a proper affidavit of the evidence under Civ.R. 53(E)(3)(c). As a result, since the merits of appellant's argument as to the viability of his malpractice claim cannot be reviewed in the necessary manner, his second assignment is likewise without merit.
 {¶ 30} Under his final assignment, appellant submits that the trial court erred in not granting his motion for a default judgment in relation to his two counterclaims. As was stated above, appellant filed his "default" motion after he had submitted his objections to the decision of the magistrate. As the grounds for the motion, he asserted that appellee had never filed an answer on the two counterclaims.
 {¶ 31} As to this point, this court would first note that our review of the trial record shows that the trial court never rendered a written decision on the "default" motion. However, it is well established under Ohio law that, when a trial court issues its final judgment in a case without disposing of a pending motion, an appellate court will presume that the motion was implicitly overruled. See, e.g., Portofe v. Portofe,153 Ohio App.3d 207, 2003-Ohio-3469, at ¶ 16.
 {¶ 32} Furthermore, we would indicate that the denial of the motion for a default judgment was warranted under the facts of this case. Since appellant's complaint against appellee was filed as part of a small claims proceeding under R.C. Chapter 1925, appellee was not required to submit an answer to the counterclaims. See Robert Neroni Co. v. Bendersky (Apr. 28, 1988), 8th Dist No. 53885, 1988 Ohio App. LEXIS 1536. In addition, we would emphasize that a default judgment is generally inappropriate when an evidential hearing on the final merits of the case has already been held. Accordingly, because appellant's third assignment fails to establish any error in the procedure followed by the trial court, it also is not well taken.
 {¶ 33} Pursuant to the foregoing analysis, each of appellant's three assignments lacks merit. Therefore, it is the order and judgment of this court that the judgment of the trial court is affirmed.
O'Neill, J., Grendell, J., concur.