OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, G.S. Building, Co., Inc. ("G.S. Building"), appeals the judgment entered by the Willoughby Municipal Court. The trial court entered judgment in favor of appellee, Roy Beres.
 {¶ 2} In 2003, Beres entered into a contract with G.S. Building, in which G.S. Building was to perform construction work at Beres' home. Beres was not satisfied with the quality of G.S. Building's work, so Beres refused to pay G.S. Building. In response, *Page 2 
G.S. Building filed a complaint in the Lake County Court of Common Pleas. Beres filed a counterclaim to G.S. Building's complaint.
 {¶ 3} The matter in Common Pleas Court concluded through a settlement agreement. The settlement agreement resolved the majority of the parties' disputes. However, paragraph nine of the settlement agreement provided:
 {¶ 4} "The parties acknowledge and agree that the vault which lies below the front door of the Beres house may be accumulating water and may not be draining properly (collectively, the "Vault Drainage Problem"). The other provisions of this Agreement notwithstanding, Beres does not release G.S. Building or the G.S. Building Releasees with regard to the Vault Drainage Problem if and to the extent the Vault Drainage Problem is a result of defects in the materials or workmanship of G.S. Building or is otherwise not in conformity with the express or implied terms of the Construction Agreement, it being acknowledged by Beres that G.S. Building denies any such defects or nonconformities. Beres further acknowledges that the engineered design for the vault which lies below the front door landing of the Beres house (as well as the design for the entire foundation) is solely the responsibility of Beres and his agents, and G.S. Building further acknowledges that any deviation by G.S. Building or its agents from said engineered design is solely the responsibility of G.S. Building and its agents. G.S. Building shall excavate an area next to the front steps vault which lies below the front door landing, drill a release hole in the side at the bottom of said vault, refill the excavation with cinders and soil as before the excavation, and G.S. Building further shall drill and seal the release holes that were previously drilled through the basement wall into said vault, and shall snake the exterior drain tile if necessary following *Page 3 
inspection of same, and Beres shall permit same. The work herein described shall be completed as soon as reasonably practical, and in any case within forty-five (45) days of the date of this Agreement. In the event the foregoing work does not correct the Vault Drainage Problem, Beres shall notify G.S. Building of same in writing and shall permit G.S. Building an additional sixty (60) days to correct the Vault Drainage Problem. In the event G.S. Building shall fail to correct the Vault Drainage Problem within said period, Beres may take such further action as may be available in law or equity respecting the Vault Drainage Problem. In addition to such other warranties as may exist, if any, G.S. Building hereby further agrees to warrant said remedial work from defects in materials or workmanship for a period of ninety (90) days from the date of completion thereof."
 {¶ 5} Thereafter, according to Beres, the parties entered into an oral agreement. Pursuant to the oral agreement, a third party, Rock Solid Solutions ("Rock Solid"), would perform the work outlined in paragraph nine of the settlement agreement, and Beres and G.S. Building would evenly split the cost of the work. Rock Solid performed the work, but G.S. Building refused to pay its half of the invoice pursuant to the agreement alleged by Beres.
 {¶ 6} Beres initiated the present action by filing a small claims complaint in Willoughby Municipal Court against G.S. Building, seeking restitution for the amount owed to Rock Solid. Beres attached copies of two invoices from Rock Solid to his complaint.
 {¶ 7} A hearing was held before the magistrate on October 10, 2006. On October 24, 2006, G.S. Building filed a "trial brief and exhibits." The exhibits were a copy of the settlement agreement in the original lawsuit and two prior correspondences *Page 4 
from G.S. Building indicating it was not responsible for the work done by Rock Solid. That same day, the magistrate issued an opinion recommending judgment be entered in favor of Beres in the amount of $844, plus interest. On October 25, 2006, the trial court issued a judgment entry entering judgment in favor of Beres in the amount of $844, plus interest.
 {¶ 8} On November 8, 2006, G.S. Building filed objections to the magistrate's decision. Attached to its objections was an affidavit from Gary G. Schoeniger, the President of G.S. Building.
 {¶ 9} On January 3, 2007, the trial court remanded the matter to the magistrate to consider the settlement agreement as it relates to the magistrate's findings. This judgment entry authorized the magistrate to conduct additional hearings.
 {¶ 10} On January 24, 2007, the trial court set the matter for a hearing on G.S. Building's objections to the magistrate's decision on February 12, 2007.
 {¶ 11} On February 16, 2007, the magistrate issued an order suggesting that a "hearing on objections" occurred before the magistrate on February 12, 2007. The magistrate's findings are "[h]earing held, defendant desires to call additional witnesses. * * * Reset in 3 weeks." Also, on February 16, 2007, the trial court issued a judgment entry, which stated that the magistrate held a hearing on G.S. Building's objections. The trial court continued the matter for March 12, 2007.
 {¶ 12} On March 2, 2007, G.S. Building filed objections to the magistrate's decision, a motion to set aside the order remanding the matter to the magistrate, and a motion to reconsider its objections filed November 8, 2006. *Page 5 
 {¶ 13} On March 8, 2007, the trial court issued a nunc pro tunc judgment entry. This entry granted G.S. Building's motion to set aside the magistrate's hearing, vacated the order scheduling the matter for a hearing on March 12, 2007, found that G.S. Building's most recent objections were filed out of time, and overruled G.S. Building's objections to the magistrate's decision which were filed in November 2006. The trial court noted that no transcript had been filed. The trial court entered judgment in favor of Beres in the amount of $844, plus interest from October 25, 2006.
 {¶ 14} G.S. Building raises the following assignments of error on appeal:
 {¶ 15} "[1.] The trial court erred by overruling the objections filed by [G.S. Building].
 {¶ 16} "[2.] The trial court erred by entering a judgment for [Beres] that is unsupported by record evidence."
 {¶ 17} Initially, G.S. Building argues that the limited record does not support a judgment in favor of Beres. After the initial hearing before the magistrate, G.S. Building submitted the affidavit of Schoeniger, which was attached to its objections. On appeal, G.S. Building asserts this affidavit was submitted pursuant to former Civ.R. 53(E)(3)(c), which provided, in part, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 18} Civ.R. 53(D)(3)(b)(iii),[1] the applicable rule in effect at the time this case was filed, provides, in pertinent part: *Page 6 
 {¶ 19} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."
 {¶ 20} Even in the context of small claims hearings, Civ.R. 53 must be strictly followed. It is well-settled law that when an appellant fails to provide a transcript or an alternative to a transcript, as provided for in the civil rules, "there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000), 136 Ohio App. 3d 795, 799. (Citations omitted.) See, also, Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, at *7-8.
 {¶ 21} "[T]his court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit." Jewell v.Jewell (June 20, 1997), 11th Dist. No. 96-L-097, 1997 Ohio App. LEXIS 2681, at *6. (Citations omitted.) Thus, an appellant is "precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings."Dubay v. Dubay, 11th Dist. No. 2002-G-2481, 2003-Ohio-2918, at ¶ 19. (Citation omitted.)
 {¶ 22} It must be further noted that Civ.R. 53(D)(3)(b)(iii) does not give the objecting party the option of filing a transcript or an affidavit. "An affidavit may be employed only where a transcript of the proceedings is not available." Sain v. Estate of Hass, 10th Dist. No. 06AP-902, 2007-Ohio-1705, at ¶ 23. Unavailability does not mean *Page 7 
that a recording of the proceedings has not been transcribed or that the objecting party chooses not to order a copy of the recording in order to have it transcribed. Id.
 {¶ 23} Schoeniger's affidavit does not indicate it is being filed pursuant to Civ.R. 53 or that a transcript of the proceedings was unavailable. Moreover, we note the content of the affidavit is one-sided. The affidavit contains eight paragraphs as to what Schoeniger testified to. The affidavit also contains two paragraphs as to facts Beres admitted, presumably during cross-examination. The only paragraph that summarizes Beres' testimony states, "[i]t was the testimony of [Beres], and was set forth in his complaint, that G.S. Building orally agreed to pay a percentage of the work to be performed by a third party, Rock Solid."
 {¶ 24} Regarding affidavits submitted pursuant to Civ.R. 53, this court has previously held:
 {¶ 25} "In construing Civ.R. 53(E)(3)(c), the courts of this state have held that an affidavit of the evidence cannot be used as a substitute for a transcript unless it refers to all of the relevant evidence submitted to the magistrate, as compared to selected parts of the evidence which the objecting party believes is critical." Bodor v.Fontanella, 11th Dist. No. 2005-T-0091, 2006-Ohio-3883, at ¶ 22, citingGladden v. Grafton, 10th Dist. No. 05AP-567, 2005-Ohio-6476 andNaso-Draiss v. Peters, 9th Dist. No. 03CA0086-M, 2004-Ohio-1983.
 {¶ 26} We do not believe that Schoeniger's affidavit provided a complete statement of the relevant evidence. First, we note that two invoices were submitted into evidence at this hearing. Schoeniger's affidavit does not mention them. Further, it is apparent that Beres' actual testimony was more detailed than the one-sentence *Page 8 
summary cited in Schoeniger's affidavit. It is incredible to believe that the magistrate found G.S. Building liable to Beres for $844 based only on the testimony "there was an oral contract." In addition, as an aside, we note Schoeniger filed an affidavit, also pursuant to Civ.R. 53, following the second hearing before the magistrate. In this affidavit, he states that an "expert witness" testified for Beres, but Schoeniger does not identify the witness or outline his or her testimony. This suggests a pattern by Schoeniger of only citing portions of the evidence favorable to G.S. Building.
 {¶ 27} On appeal, G.S. Building essentially argues that Beres needed to file his own affidavit to fill in missing portions of the record. We disagree. The duty is on the party objecting to the magistrate's decision to file a transcript or, in the alternative, an affidavit. (Citations omitted.) Bodor v. Fontanella, 2006-Ohio-3883, at ¶ 22. The nonobjecting party has no such duty.
 {¶ 28} Despite the very limited record before the trial court (and thus this court) the record, as it exists, supports the trial court's judgment.
 {¶ 29} The Supreme Court of Ohio has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 30} "The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration." Lake Land Emp. Group of Akron, LLC v.Columber, 101 Ohio St.3d 242, 2004-Ohio-786, at ¶ 14, citingKostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 16. *Page 9 
 {¶ 31} In his affidavit, Schoeniger acknowledges that Beres testified there was an oral contract. Thus, there was competent, credible evidence before the magistrate that there was an oral contract. G.S. Building argues that there was no consideration. Even based on the limited record, there was apparently some testimony before the magistrate that, if believed, would support a finding of adequate consideration.
 {¶ 32} G.S. Building contends that the settlement agreement precluded any additional amendments to it. It appears from the record that the alleged oral contract was not an amendment to the settlement agreement, but a subsequent, separate agreement. The settlement agreement called for G.S. Building to perform additional work at Beres' residence. Apparently, through the oral contract, the parties agreed to "outsource" that additional work to Rock Solid. If this was believed by the magistrate, a finding in favor of Beres may well have been proper. Without a proper record before us, it cannot be said that the trial court's ruling was in error.
 {¶ 33} Finally, G.S. Building argues that the trial court erred in referring the matter to the magistrate to hear additional evidence. In its final judgment entry, the trial court granted G.S. Building's motion to vacate the "remand" order. Thus, the second round of proceedings before the magistrate was vacated.
 {¶ 34} G.S. Building's assignments of error are without merit.
 {¶ 35} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur.
[1] Civ.R. 53 was amended, effective July 1, 2006; however, former Civ.R. 53(E)(3)(c) was of similar effect as the present rule. *Page 1