DECISION AND JUDGMENT ENTRY
{¶ 1} Josh Gammon appeals the judgment of the Marietta Municipal Court, Small Claims Division, in favor of Randy Forbes. Forbes filed a complaint for past due rent and Gammon counterclaimed for wages owed. The magistrate found for Gammon, and Forbes filed objections. The court sustained some of the objections and found in favor of Forbes. On appeal, Gammon contends that the trial court erred when it made its decision regarding Forbes objections without a transcript of the magistrate's hearing or a suitable substitute for a transcript. Because Civ.R. 53(D)(3)(b)(iii) ordinarily requires a transcript to support the objections, and because the affidavit of evidence submitted was not a suitable substitute for the transcript, we agree. Accordingly, we vacate the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion. *Page 2 
 I. {¶ 2} Gammon leased a rental property from Forbes. Gammon fell behind in rent. Forbes agreed to allow Gammon to work in and around the apartment complex at $10 an hour.
 {¶ 3} Later, Forbes filed a small claims complaint against Gammon for past due rent in the amount of $2,765. Gammons counterclaimed for wages in the amount of $2,650. A magistrate, pursuant to R.C. 1925.01 and Civ.R. 53, held a hearing and filed a report, which included findings of fact and conclusions of law. The magistrate found in favor of Gammons in the amount of $600, plus 3% interest per annum, and costs.
 {¶ 4} Forbes filed objections to the report along with an "AFFIDAVIT AS TO
EVIDENCE." His affidavit, inter alia, stated that "[a] tape transcript of the hearing is available from the Magistrate; plaintiffs counsel has not been able to obtain copy and make written transcript of same prior to filing of objections to Magistrate's report." The trial court, after "being fully advised[,]" found in favor of Forbes in the amount of $595 plus 3% interest per annum from date of judgment.
 {¶ 5} Gammon, pro se, appeals and asserts the following two assignments of error: I. "That the Court erred to the prejudice of [Gammon] by using [Forbes'] Exhibit (B) to overturn the Magistrates decision and recalculate judgment without benefit of transcript or recording of the testimony pertaining thereto." And, II. "That the Court abused its discretion by not ruling on [Forbes'] objections as raised and by not applying a standard of "stringent review" on said objections."
 II. *Page 3 {¶ 6} We first note that Gammon did not provide us with a transcript of the hearing before the magistrate. Gammon ordered the transcript, but the court reporter indicated that the tape was of poor quality and could not transcribe it. See App.R. 9. However, because we dispose of this appeal without the need of the transcript, we proceed to address Gammon's first assignment of error.
 {¶ 7} Gammon contends that the trial court should not have relied on Exhibit B
(prepared by Forbes) to recalculate damages without reviewing the transcript of the hearing before the magistrate or a suitable substitute for the transcript. While Gammon agrees that the magistrate may have made some math errors, he asserts that the transcript would show that Exhibit B was not a credible document. He maintains that the trial court, without the transcript, could not have been "fully advised" (as stated at the beginning of its entry) before it made its recalculation findings.
 {¶ 8} "[A] trial court's decision to adopt, reject or modify a magistrate's report and recommendation will be reversed on appeal only for an abuse of discretion." Ordean v. Ordean, Shelby App. No. 17-06-15,2007-Ohio-3979, ¶ 19. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 9} Civ.R. 53(D)(3)(b)(iii) provides, "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be *Page 4 
supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 10} Here, Forbes objected, inter alia, to the magistrate's finding as to the calculation of damages. He stated in his "AFFIDAVIT AS TO EVIDENCE" that a transcript was available. Therefore, Forbes had to provide the trial court with a transcript, or a suitable substitute, to support his objections. He failed to do so. Consequently, the trial court erred when it considered the objections without the transcript. Id.
 {¶ 11} As it turned out, Gammon could not provide this court with the same transcript because of its poor quality. Further, Forbes, for whatever reason, did provide the trial court with an affidavit, which included evidence of the hearing. However, we find that Forbes' affidavit does not meet the requirement of Civ.R. 53(D)(3)(b)(iii) as a suitable substitute for the transcript.
 {¶ 12} Forbes' affidavit only provided the evidence that supported his arguments. See Bodor v. Fontanella, Trumbull App. No. 2005-T-0091,2006-Ohio-3883, ¶ 22, citing Gladden v. Grafton, 10th Dist. No. 05AP-567, 2005-Ohio-6476; Naso-Draiss v. Peters, *Page 5 
9th Dist. No. 03CA0086-M, 2004-Ohio-1983 ("[A]n affidavit of the evidence cannot be used as a substitute for a transcript unless it refers to all of the relevant evidence submitted to the magistrate, as compared to selected parts of the evidence which the objecting party believes is critical."). For example, Forbes affidavit stated under item 8, "[Gammon] had no records of days worked, hours worked, materials purchased or any evidence to document his claim other than his testimony at hearing." Forbes affidavit is silent as to the fact that he, Forbes, also did not have any records because he lost all of his original records when he moved. Thus, Forbes failed to state in his affidavit that he prepared Exhibit B from his memory, not from his records.
 {¶ 13} Further, Forbes did not state that the "AFFIDAVIT AS TO EVIDENCE" was
intended as a substitute for the transcript or that he was attempting to comply with Civ.R. 53.
 {¶ 14} Therefore, we find that Forbes' affidavit was not a suitable substitute for the transcript. Consequently, we find that the trial court abused its discretion when it modified the magistrate's report and recommendation.
 {¶ 15} Accordingly, we sustain Gammon's first assignment of error.
 III. {¶ 16} Gammon contends in his second assignment of error that the trial court erred when it ruled on objections not raised and did not rule on objections actually raised. Based on our resolution of Gammon's first assignment of error, we find this second assignment of error moot. See App. R. 12(A)(1)(c).
 IV. *Page 6 {¶ 17} In conclusion, we sustain Gammon's first assignment of error; find his second assignment of error moot; vacate the judgment of the trial court; and remand this cause to the trial court for further proceedings consistent with this opinion.
 JUDGMENT VACATED AND CAUSE REMANDED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED and the cause BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court, Small Claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1