JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Don Murphy ("Appellant") appeals from the order of the trial court awarding permanent custody of J.J. to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons set forth below, we reverse and remand for proceedings consistent with this opinion.
 {¶ 2} On November 14, 2003, CCDCFS filed a complaint alleging neglect and requesting a disposition of permanent custody regarding the child, J.J. In addition to the complaint, CCDCFS filed a motion for emergency temporary custody, which the magistrate granted on November 18, 2003. On this day, the magistrate also issued an order transferring the docket to the visiting judge for further proceedings.
 {¶ 3} On December 9, 2003, a visiting judge continued the adjudicatory hearing to allow Appellant the opportunity to obtain new counsel.
 {¶ 4} On January 23, 2004, the parties stipulated to an amended complaint, after which J.J. was adjudicated to be a neglected child. The visiting judge then continued the matter until February 2, 2004 for further hearing on disposition. Thereafter, the dispositional trial date was continued on at least six separate occasions. On these occasions at least four different visiting judges presided over the proceedings. On one such occasion, a pretrial was held in which one of the visiting judges replaced the initial Guardian Ad Litem, who withdrew due to recent employment with the County Prosecutor's Office.
 {¶ 5} The permanent custody trial commenced before the last and final visiting judge on March 17, 2005 and the CCDCFS's permanent custody motion was granted.
 {¶ 6} Appellant now appeals and submits seven assignments of error for our review. In the interests of convenience we will address Appellant's seventh assignment of error first, which states:
 {¶ 7} "Procedurally, this case is not properly before the Eighth District Court of Appeals."
 {¶ 8} Within this assignment of error, Appellants makes two separate claims that the assignment of the case to the visiting judges was (1) void, and (2) inappropriate. We find that the assignment of the case to a visiting judge was void.
 {¶ 9} In asserting his proposition that the assignment to the visiting judge was void, Appellant argues that the visiting judge lacked the authority to preside over the permanent custody proceedings in this matter because the magistrate, not the administrative judge, assigned this case to the docket of the visiting judge. In making this assertion, Appellant relies on the recent decision of In re S.J., et al., Cuyahoga App. No. 84410, 2005-Ohio-1854. In that case, this court raised sua sponte the issue of improper assignment of the case to a visiting judge and held as follows:
 {¶ 10} "Furthermore, though not objected to by either party, this court finds plain error in the journal entry transferring the case to the docket of the visiting judge signed by a magistrate on February 3, 2003.State v. Barnes (2002), 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. Pursuant to Juv.R. 40 and Juv.R. 9, a magistrate is not empowered to refer cases to a visiting judge. Additionally, there is no notice of judicial approval by the sitting judge assigned this case."
 {¶ 11} Accordingly, the court reversed and remanded the case. Id.
 {¶ 12} While we agree with the court in In re S.J. that a magistrate lacks the authority to assign a case to a visiting judge, we modify that decision to the extent that the assignment of the judge was void and not plain error. By finding that the assignment of the visiting judge was plain error, the court in In re S.J. incorrectly implied that the assignment could have been valid, for plain error is a discretionary doctrine with the court of appeals. Instead, we find that the assignment to the visiting judge was void. An act is void when it is so ineffectual that nothing can cure it. The assignment of a case by someone without the authority to make the assignment renders any action by the assigned judge ineffectual since the assigned judge's authority is only as good as that of the person making the assignment.
 {¶ 13} As in In re S.J., in the instant case, we find that the magistrate lacked the authority to assign this case to the visiting judge. We, however, as explained above, find the assignment void. Here, the magistrate signed a journal entry dated November 18, 2003 transferring the case to the docket of a visiting judge for further proceedings. Additionally, there is nothing in the record in this case to signify that the administrative judge approved the assignment. As such, we find that the visiting judge did not have the authority to preside over the permanent custody hearing in this case. We, therefore, render the assignment of the visiting judge void, as well as all proceedings thereafter.
 {¶ 14} In light of this holding, we find Appellant's second argument within this assignment of error moot, and therefore, decline to address it. App.R. 12(A)(1)(c). Accordingly, Appellant's seventh assignment of error is sustained.
 {¶ 15} Appellant's remaining assignments of error[1] concern actions and proceedings taken by the four different visiting judges. Since the visiting judges did not possess the authority to preside over the permanent custody proceedings, the remaining assignments of error are hereby rendered void, and thus, moot. Accordingly, these assignments will not be addressed pursuant to App.R. 12(A)(1)(c). Therefore, we reverse and remand the case for proceedings consistent with this opinion.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Corrigan, J., concur.
[1] "I. The trial court erred by failing to dismiss the agency's case when an adjudicatory hearing did not occur within sixty (60) days of the filing of its complaint, contrary to R.C. 2151.28(A)(2)(b) and Ohio Juvenile Rule 29(A)."
"II. The trial court erred by failing to dismiss the agency's case when a dispositional hearing on its prayer for permanent custody did not occur within two hundred (200) days of the filing of its complaint, contrary to R.C. 2151.414(A)(2)."
"III. The trial court erred by failing to dismiss the agency's complaint when the agency failed to file a case plan within thirty (30) days of the filing of its complaint, contrary to R.C. 2151.412(C)."
"IV. The trial court erred in accepting the written report of the child's guardian ad litem on the day of the permanent custody trial, without a certificate of service, and without filing same with the clerk of courts, and without said report being available seven (7) days prior to trial, contrary to local Juvenile Rule 20."
"V. The trial court erred by failing to strike the prior guardian ad litem's written report after she became employed by the Cuyahoga County Prosecutor's office to represent the agency."
"VI. The trial court erred in granting the agency permanent custody motion as father's legal counsel's representation was ineffective and below an objective standard of reasonableness and thus prejudiced Appellant's rights."