JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Aubrey Willacy appeals the trial court's decision denying his motion for child support modification. Willacy assigns eight errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The lengthy history of this litigation and more details of the relationship between the parties are contained in prior decisions of this court and the Ohio Supreme Court.[2]
 {¶ 3} This appeal involves the trial court's denial of both parties' respective motions to modify child support. In denying the parties' motions, the trial court journalized the following entry:
 "Whereupon: the court finds that after considering the testimonial and documentary evidence, and after considering and weighing the nature of, value and truthfulness of said evidence and testimony and after considering the proposed findings of fact and conclusions of law submitted by the parties, finds that taking a three (3) year average of the parties' income and a three (3) year average of the child support pursuant to the worksheets attached as Ex. "B", as part of the CSEA's Proposed Findings of Fact and Conclusions of Law, that there is not a 10% variance in the annual or monthly amount of current child support. The current child support order is $866.66 per month plus 2% administrative fee. The three-year average of the child support worksheet is $862.53 per month, plus 2% administrative fee. Therefore, no substantial change of circumstances has occurred and both competing motions to modify child support, be and are hereby denied and overruled."[3]
 {¶ 4} It is from this last judgment that Willacy files the instant appeal.
 Motion to Modify Child Support {¶ 5} We begin with Willacy's fifth assigned error, in which he argues the trial court's decision to not modify the child support is against the manifest weight of the evidence. Willacy contends the evidence supports a decrease in his child support obligation.
 {¶ 6} When competent, credible evidence exists to support the trial court's decision, we will not disturb that ruling unless the weight of the evidence establishes otherwise.[4] Consequently, Willacy must demonstrate a substantial change in circumstances.[5] In DePalmo v.DePalmo,[6] the Ohio Supreme Court set forth a formula for determining whether a substantial change of circumstances exists. The trial court concluded that when a ten (10%) percent difference exists between the previous R.C. 3113.215(B)(4) worksheet and the recalculated one in the modification request, the difference represents a substantial change.[7]
 {¶ 7} In the instant case, after the trial court compared the previous and recalculated child support worksheets, it found that a ten (10%) percent variance did not exist. The trial court specifically found that Willacy's current child support order was $866.66 per month plus a two (2%) percent administrative fee, while the recalculated child support worksheet was $862.53 per month, plus a two (2%) percent administration fee. This amounted to less than a ten (10%) percent variance; consequently, a modification was not justified. Accordingly, Willacy's fifth assigned error is overruled.
 Overpayment of Child Support {¶ 8} In the sixth assigned error, Willacy argues he overpaid child support in the amount of $2,167.70, which the trial court should have considered. We are not persuaded. Willacy is paying the same amount of child support as required in the prior order. Under these circumstances, Willacy could not have overpaid. Consequently, his sixth assigned error is overruled.
 Child Support Computation Worksheet {¶ 9} In the third assigned error, Willacy argues the trial court failed to comply with the mandates of Loc.R. 27(A), R.C. 3119.02, andMarker v. Grimm,[8] when it did not include a completed child support computation worksheet in the record. We disagree.
 {¶ 10} While Willacy accurately asserts that a child support worksheet must generally be completed and made part of the trial court record, this court has held that when no modification of child support is ordered, the trial court is not required to include a child support worksheet in the record.[9] Several appellate districts agreed with us and equally concluded that completing a worksheet where no modification is ordered constitutes an unnecessary act.[10]
 {¶ 11} In the case at bar, on August 9, 1999, Nwabara filed her motion to modify child support and on June 20, 2000, Willacy filed his motion for modification of child support. In its December 27, 2005, order, the trial court denied both parties' motion to modify child support; therefore, a worksheet was not required. Accordingly, Willacy's third assigned error is overruled.
 Imputed Income {¶ 12} In his fourth assigned error, Willacy argues the trial court erred by imputing $43,000 in income to him. We disagree.
 {¶ 13} R.C. 3113.215(A)(5), which permits the trial court to impute income to a party under certain circumstances, provides in pertinent part as follows:
 "(A)(5) `Potential income' means both of the following for a parent that the court, or a child support enforcement agency pursuant to sections 3111.21 and 3111.22 of the Revised Code, determines is voluntarily unemployed or voluntarily underemployed:
 (a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides;
 (b) Imputed income from any non-income producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant."
 {¶ 14} A court may not impute income without first finding that a party is voluntarily unemployed or underemployed.[11] After the court makes such finding, then the court determines the amount of income to impute, based on the factors delineated in R.C. 3113.215(A)(5), and the facts and circumstances of the case.[12]
 {¶ 15} Within this assigned error, Willacy directs this court's attention to line 6 of the child support computation worksheet submitted by the Cuyahoga County Support Enforcement Agency. Willacy alleges that the trial court added amounts totaling $43,000 to his income. This inclusion, Willacy argues, prompted the trial court's ultimate determination that there was less than a ten (10%) percent variance in his monthly child support obligation. We are not persuaded.
 {¶ 16} The record before us indicates that the trial court issued a "no modification" order after reviewing the financial documents that the parties provided. The trial court took a three-year average of the parties' income and the child support guidelines and found there was not a ten (10%) percent variance from the previous calculation. Based on our examination of the child support computation worksheets, we conclude that the trial court did not impute income to Willacy as he contends.
 {¶ 17} Moreover, a trial court must make a finding of voluntary unemployment or voluntary underemployment before imputing income. Unless the trial court makes a finding of voluntary unemployment or underemployment, the trial court may not impute income to a parent.[13] Here, the record is devoid of such a finding. Much to the contrary, the parties are both practicing attorneys. We conclude, there is nothing in the record to indicate that the trial court imputed income to Willacy. Accordingly, we overrule his fourth assigned error.
 Health Insurance {¶ 18} In the seventh assigned error, Willacy argues the trial court's pronouncement regarding health insurance for the minor child is ambiguous, self-contradictory, and incomplete.
 {¶ 19} The trial court's judgment entry dated December 27, 2005, stated in pertinent part as follows:
 "IT IS FURTHER ORDERED ADJUDGED AND DECREED that the defendant is to continue to maintain health, dental and optical insurance for the minor child, the plaintiff, and to provide the obligee with information regarding the benefits, limitations, and exclusions of the health insurance coverage, copies of any insurance forms necessary to receive reimbursement, payment, or other benefits under the health insurance coverage, and a copy of any necessary insurance cards."[14]
 {¶ 20} The above order instructing Willacy to continue to maintain health, dental and optical insurance for the minor child was imposed in the trial court's prior order dated September 15, 1995. Willacy appealed the prior order in Appellate No. 74139, and this court affirmed the trial court's September 15, 1995 order in our decision dated July 29, 1999.[15]
 {¶ 21} Based on the doctrine of res judicata, Willacy is barred from raising this issue. Res judicata is a judicially created doctrine designed to assure an end to litigation, and prevent a party from being vexed twice for the same cause.[16] The Ohio Supreme Court has held that, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[17]
Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. This principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case.[18] Consequently, we decline to revisit the issue. Accordingly, we overrule the seventh assigned error.
 Equal Protection {¶ 22} In the eighth assigned error, Willacy argues the trial court violated his right to equal protection of the law by relying on the Cuyahoga County Support Enforcement Agency's gender-biased submission regarding his income. We decline to address this error, because our review indicates that Willacy has raised this argument for the first time on appeal. Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal.[19]
Accordingly, Willacy's eighth assigned error is overruled.
 Employee {¶ 23} We address Willacy's first and second assigned error together, because central to both is Willacy's contention that the trial court committed prejudicial error by referring to him, in its journal entry dated December 27, 2005, as an "employee" of Willacy, LoPresti 
Marcovy. Willacy specifically contends that because he is partner of the law firm, the trial court's determination that he is an "employee" violates the firm's due process rights to notice and opportunity to be heard. Willacy further contends that said determination was against the manifest weight of the evidence. We find Willacy's allegations to be without merit.
 {¶ 24} The trial court issued a child support withholding order, which states in pertinent part as follows:
 "IT IS FURTHER ORDERED ADJUDGED AND DECREED that pursuant to R.C. 3123.03(A), the defendant employer, Willacy, LoPresti and Marcovy 1468 West Ninth Street, Suite 700, Cleveland, Ohio 44113 or any successor income source, deduct from the account or personal earnings of the defendant, Aubrey Willacy, Eight Hundred Sixty Six Dollars and Sixty Six Cents ($866.66) per month plus a fee of two percent (2%), and remit same to Ohio Child Support Payment Central, P.O. Box 182394, Columbus, Ohio 43218-2394."[20]
 {¶ 25} Initially, we note that the trial court did not make a specific finding that Willacy was an "employee" of Willacy, LoPresti Marcovy. Instead, it merely issued a standard withholding order, which referred to the law firm as Willacy's employer. We find the trial court's reference to be harmless error. Errors that do not affect substantial rights, must be disregarded by the reviewing court.[21] The record reveals that the trial court was well aware of Willacy's status, as indicated by the following exchange from the January 17, 2001 evidentiary hearing:
 "The Court: Are you — both parties are attorneys?
 Ms. Nwabara: Yes.
 Mr. Willacy: Correct, Your Honor.
 The Court: And they're self-employed which makes it a little more difficult — not too much more, but a little more difficult to figure out exactly what goes into the guidelines and the guideline worksheet."[22]
 {¶ 26} In addition, we find that Willacy was not prejudiced by the trial court's reference. With respect to any error assigned, it must be shown that the complaining party was prejudiced by the error involved.[23] The financial records covering the years under review, indicate that the law firm has written numerous checks to Ford Motor Credit on Willacy's behalf. They have also written checks to A H Design on Willacy's benefit. It would be no more onerous a task for the law firm to write an additional check to the Ohio Child Support Payment Central.
 {¶ 27} We conclude that the trial court's reference to the law firm as Willacy's employer amounted to harmless error. Accordingly, we overrule the first and second assigned errors.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and MARY EILEEN KILBANE, J., CONCUR.
 APPENDIX Assignments of Error
 "I. The trial court committed error prejudicial to both appellants bydenying them their statutorily guaranteed, Due Process rights to`notice,' `an opportunity to be heard,' and to a `hearing' by making adetermination upon the non-issue of whether defendant was an `employee'of Willacy, LoPresti Marcovy; same being in violation of current R.C.§ 3121.031 and former R.C. § 3113.21(C)(2)."
 "II. The trial court's determination that defendant-appellant was an`employee' of Willacy, LoPresti Marcovy is against the manifest weightof the evidence."
 "III. The trial court committed error prejudicial todefendant-appellant by entering its `no modification' determinationwithout complying with the mandate set forth in the trial court's Loc.R.27(A), R.C. § 3119.02, and Marker v. Grimm (1992), 65 Ohio St.3d 139,that a judgment pronouncing a trial court's adjudication upon the issueof modification of an existing child support order must have a completedchild support computation worksheet attached to, and incorporated withinit."
 "IV. In making its `no modification' determination, the trial courtcommitted error prejudicial to defendant-appellant by imputing $43,000in `other income' to him without setting forth any reason for suchimputation in its judgment."
 "V. The trial court's `no modification' determination is against themanifest weight of the evidence."
 "VI. The trial court committed error prejudicial todefendant-appellant by overruling his requests for (1) a determinationthat an overpayment of support paid during, and after, calendar year1999 existed; (2) a determination of the amount of such overpayment; and(3) judgment in his favor in said amount."
 "VII. The trial court committed error prejudicial todefendant-appellant by including in its judgment pronouncementsregarding health insurance for the plaintiff-child which — by (I)simultaneously ordering both plaintiff and defendant to maintain healthinsurance coverage for the child, (ii) ordering defendant to pay for thesame coverage twice, and by (iii) not allowing the statutory deductionfrom support of the amount paid for insurance amount — are so ambiguous,self-contradictory, and incomplete that they fail to apprise theparties of what their respective rights, duties, and obligations are."
 "VIII. The trial court violated defendant-appellant's right to EqualProtection of the Law by relying upon CSEA's gender-biased submissionsregarding his income."
[1] See Appendix.
[2] Nwabara v. Willacy (May 26, 1994), Cuyahoga App. No. 65450;Nwabara v. Willacy (June 13, 1996), Cuyahoga App. No. 69786; Nwabara v.Willacy (Apr. 17, 1997), Cuyahoga App. No. 71122; Nwabara v.Willacy (July 29, 1999), 135 Ohio App.3d 120; State ex rel. Willacy v.Smith (1997), 78 Ohio St.3d 47, and Nwabara v. Willacy (March 21, 2002), Cuyahoga App. Nos. 79416 and 79717.
[3] Journal Entry December 27, 2005.
[4] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, at syllabus; Seasons Coal Co. V. Cleveland (1984), 10 Ohio St.3d 77, 80;Intrinsics Int'l, supra. See Myers v. Garson (1993), 66 Ohio St.3d 610,614, rehearing denied (1993), 67 Ohio St.3d. 1439.
[5] Cole v. Cole (1990), 70 Ohio App.3d 188.
[6] 78 Ohio St.3d 535, 1997-Ohio-184.
[7] Id.
[8] (1992), 65 Ohio St.3d 139.
[9] Orefice v. Orefice (Dec. 19, 1996), Cuyahoga App. No. 70602.
[10] See, Morrow v. Morrow (Sept. 4, 1998), 11th Dist. No. 97-L-237; Pryor v. Pryor (Dec. 14, 2000), 3rd Dist. No. 9-2000-55; Yark v. Yark (Jan. 12, 2001), 6th Dist. No. F-00-010; and Gordon v. Liberty (June 10, 2005), 11th
Dist. NO. 2004-P-0059.
[11] Inscoe v. Inscoe (1997), 121 Ohio App.3d 396, 424, citingRock v. Cabral (1993), 67 Ohio St.3d 108.
[12] Smith v. Smith (Feb. 10, 2000), 10th Dist. Nos. 99AP-453 and 99AP-818.
[13] Franke v. Franke (May 1, 1996), 4th Dist. No. 95 CA 879; Ritchhart v. Phillips (July 4, 1991), 4th Dist. No. 1725; Parkins v. Parkins (Jan. 24, 1990), 3rd Dist. No. 5-88-18.
[14] Journal Entry December 27, 2005.
[15] Nwabara v. Willacy (July 29, 1999), 135 Ohio App.3d at 126.
[16] LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 113.
[17] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[18] Bean v. Bean (1983), 14 Ohio App.3d 358, 361.
[19] Stores Realty Co. v. City of Cleveland Bd. of Bldg. Standards andBldg.(1975), 41 Ohio St.2d 41, 43.
[20] Journal Entry December 27, 2005.
[21] Civ. R. 61; R.C. 2309.59.
[22] Tr. at 2-3.
[23] Bond v. Bond, 2nd Dist. No. 04CA8, 2004-Ohio-7253, P15, citing Smith v. Flesher (1967), 12 Ohio St.2d 107.