JOURNAL ENTRY AND OPINION {¶ 1} This cause is before this court on remand from the Supreme Court of Ohio. In In re J.J., Cuyahoga App. No. 86276, 2005-Ohio-6096, we held that the magistrate's order transferring the case to a visiting judge divested the juvenile court of jurisdiction and rendered subsequent proceedings void. As a result of our holding, we further declined to address several assignments of error presented by the parties as moot.
 {¶ 2} In In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484, the Supreme Court reversed our decision and held that the erroneous magistrate's order did not divest the juvenile court of jurisdiction. The court further determined that, Donald Murphy ("appellant") waived the error for purposes of appellate review because he failed to object at any time during the proceedings to the magistrate's order. Accordingly, the Supreme Court remanded this case to this court for consideration of the assignments of error previously found moot.
 {¶ 3} For the following reasons, we find appellant's remaining assignments of error without merit and affirm the decision of the juvenile court.
 {¶ 4} On August 31, 2000, Shannon Jeffi gave birth to J.J., the minor child who is the subject of this matter. After being released from the hospital nearly five weeks later, the Department of Children and Family Services ("CCDCFS") placed J.J. with Sharon Snyder, his foster mother. J.J. remained with his foster family until two years later. In August 2002, the court awarded custody of J.J. to his biological father, appellant, only after he completed parenting seminars and a drug rehabilitation program.
 {¶ 5} On October 24, 2003, while appellant was driving to J.J.'s daycare center to pick him up, a police officer stopped and arrested appellant for driving with a suspended license and possession of cocaine.
 {¶ 6} As a result of appellant's arrest, on November 14, 2003, CCDCFS filed a complaint alleging neglect and requesting a disposition of permanent custody regarding the child J.J. In addition to the complaint, CCDCFS filed a motion for predispositional temporary custody. The magistrate granted the foregoing motion on November 18, 2003. Accordingly, Snyder assumed foster care of J.J. pending resolution of the complaint for permanent custody.
 {¶ 7} On January 23, 2004, the parties stipulated to an amended complaint, which included additional allegations regarding appellant's previous drug abuse. During the hearing, the court also adjudicated J.J. a neglected child.
 {¶ 8} The juvenile court then continued the matter until February 2, 2004 for a further hearing on disposition. The dispositional hearing date was continued on at least seven separate occasions. On four occasions, appellant requested the continuances. On another occasion, a pretrial was held in which one of the visiting judges replaced the initial Guardian Ad Litem, who withdrew due to recent employment with the County Prosecutor's Office.
 {¶ 9} On March 17, 2005, the juvenile court held the dispositional hearing. At the conclusion of the evidence, the court granted the CCDCFS's permanent custody motion. Appellant appealed this decision to this court.
 {¶ 10} In its appeal, appellant submitted seven assignments of error. As previously stated, the Supreme Court overruled appellant's seventh assignment of error. See In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484. Therefore, on remand, we will address appellant's remaining six assignments of error.
 {¶ 11} Appellant's first assignment of error states:
 {¶ 12} "The trial court erred by failing to dismiss the agency's case when an adjudicatory hearing did not occur within sixty (60) days of the filing of the complaint, contrary to R.C. 2151.28(A)(2)(b) and Ohio Juvenile Rule 29(A)."
 {¶ 13} In the interests of convenience, we will address appellant's first and second assignments of error collectively. Appellant's second assignment of error states:
 {¶ 14} "The trial court erred by failing to dismiss the agency's case when a dispositional hearing on its prayer for permanent custody did not occur within two hundred (200) days of the filing of its complaint, contrary to R.C. 2151.414(A)(2)."
 {¶ 15} In this first assignment of error, appellant maintains that the juvenile court failed to conduct the adjudication hearing within 60 days of the filing of the CCDCFS's complaint as required by R.C.2151.28(A)(2). Similarly, in his second assignment of error, appellant contends that the juvenile court erred in not holding a dispositional hearing within 90 days of the filing of the complaint as required by R.C. 2151.28(B)(1).[1] Appellant argues that as a result of the court's failure to follow statutory requirements, the case should have been dismissed.
 {¶ 16} R.C. 2151.28(A)(2) states in pertinent part:
 {¶ 17} "(2) If the complaint alleged that the child is an abused, neglected, or dependent child, the adjudicatory hearing shall be held no later than thirty days after the complaint is filed, except that, for good cause shown, the court may continue the adjudicatory hearing for either of the following periods of time:
 {¶ 18} "* * *
 {¶ 19} "(b) For a reasonable period of time beyond the thirty-day deadline to obtain service on all parties or any necessary evaluation, except that the adjudicatory hearing shall not be held later than sixty days after the date on which the complaint was filed."
 {¶ 20} R.C. 2151.35(B)(1) states in relevant part:
 {¶ 21} "(B) (1 )* * * The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.
 {¶ 22} If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice."
 {¶ 23} Ohio courts have routinely held that a party may implicitly or expressly waive the right to an adjudication hearing within the time period stated in R.C. 2151.28(A)(2) and a dispositional hearing within the time period stated in R.C. 2151.35(B)(1). "An implicit waiver occurs when a party fails to move for dismissal when it becomes the party's right to do so, or when the party assists in the delay of the hearing."In re A.P., Butler App. No. CA 2005-10-425, 2006-Ohio-2717; see, also,In re Kutzli (1991), 71 Ohio App.3d 843, 846, 595 N.E.2d 1026; In reKeller (Dec. 8, 1994), Cuyahoga App. No. 66451; In re Kimble, Harrison App. No. 99 517 CA, 2002-Ohio-2409; In re Bailey D. (Apr. 17, 1998), Lucas App. No. L-96-363; In re Chapman (Apr. 10, 1998), Ashtabula App. No. 97-A-001.
 {¶ 24} A review of the record reveals that appellant implicitly waived his right to an adjudication hearing and dispositional hearing within the applicable statutory time periods. CCDCFS filed it complaint for permanent custody on November 14, 2003. The juvenile court did not conduct the adjudicatory hearing until January 23, 2004, 70 days after the filing of the complaint. Additionally, the court did not hold the dispositional hearing until March 17, 2005, 488 days after the filing of the complaint. The court clearly held these hearings beyond the statutory time limits prescribed in R.C. 2151.28(A)(2) and R.C.2151.35(B)(1).
 {¶ 25} Appellant, however, failed to object at anytime to the delay or file a motion to dismiss seven days prior to the hearings pursuant to Juv.R. 22(E) when it was his right to do so, and in fact requested a number of continuances. Accordingly, we find appellant implicitly waived his right to an adjudication hearing and dispositional hearing within the applicable statutory time periods.
 {¶ 26} Finally, even if appellant had not waived these issues, it is well established that a failure to conduct an adjudicatory hearing within the 60 day time limit prescribed in R.C. 2151.28(A)(2) does not deprive the juvenile court of the right to enter an adjudication. See R.C. 2151.28(K). Likewise, the failure to conduct a dispositional hearing within the 90 day time limit proffered in R.C. 2151.35(B)(1) does not divest the juvenile court of jurisdiction over the proceedings.State ex rel. Howard v. Ferreri (Feb. 10, 1994), Cuyahoga App. No. 66559; In re Kutzli (1991), 71 Ohio App.3d 843, 595 N.E.2d 1026. Accordingly, we overrule appellant's first and second assignments of error.
 {¶ 27} Appellant's third assignment of error states:
 {¶ 28} "The trial court erred for failing to dismiss the agency's complaint when the agency failed to file a case plan within thirty (30) days of the filing of its complaint, contrary to R.C. 2151.412(C).
 {¶ 29} In this assignment of error, appellant maintains the CCDCFS failed to file the case plan within the time requirements prescribed by R.C. 2151.412(C). This statute provides in pertinent part:
 {¶ 30} "(C) Each public children services agency and private child placing agency that is required by division (A) of this section to maintain a case plan shall file the case plan with the court prior to the child's adjudicatory hearing but no later than thirty days after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care. * * *"
 {¶ 31} In the instant action, CCDCFS filed its first case plan on January 22, 2004. The case plan was filed prior to the adjudicatory hearing, which was held on January 23, 2004. CCDCFS, however, failed to comply with R.C. 2151.412 (C) as it did not file the case plan within 30 days of the date on which the complaint was filed or the date J.J. was placed into foster care.
 {¶ 32} Appellant, however, has again failed to raise this error at the trial court level, thereby waiving it for purposes of appellate review. Ohio courts have routinely held that ordinarily, "an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court." In re Miller, Licking App. No. 04 CA 32,2005-Ohio-856; see, also, Stores Realty Co. v. City of Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629; Snyder v. Stanford (1968),15 Ohio St.2d 31, 238 N.E.2d 563; Oney v. Needham (1966), 6 Ohio St. 2d 154,216 N.E.2d 625; Nwabara v. Willacy, Cuyahoga App. No. 87724, 2006-Ohio-6414;Swain v. Swain, Pike App. No. 04CA726, 2005-Ohio-65.
 {¶ 33} Moreover, even if we decided that appellant had not waived this error, we nevertheless would find that he has failed to establish any prejudicial effect as a result of the late filing of the case plan. Appellant's third assignment of error is overruled.
 {¶ 34} Appellant's fourth assignment of error states:
 {¶ 35} "The trial court erred in accepting the written report of the child's guardian ad litem on the day of the permanent custody trial, without a certificate of service, and without filing same with the clerk of courts, and without said report being available seven (7) days prior to trial, contrary to local Juvenile Rule 20."
 {¶ 36} Juv.R. 20(C) states in relevant part:
 {¶ 37} "(C) In all cases where a Guardian ad litem Report is prepared, the guardian ad litem is required to comply with the following:
 {¶ 38} "(1) All reports shall be filed with the Clerk of Court.
 {¶ 39} "* * *
 {¶ 40} "(3) All reports * * * must include a certificate of service.
 {¶ 41} "(4) All reports must be filed at least one (1) week prior to an evidentiary Court hearing, subject to Court modification on a case-by-case basis.* * *"
 {¶ 42} In the instant action, appellant argues that the juvenile court committed reversible error in accepting the guardian ad litem's report because the guardian did not present her report to the court until March 17, 2005, the day of trial. Additionally, appellant contends the report did not include a certificate of service and was not filed with the clerk of courts.
 {¶ 43} This court has repeatedly held that a party who fails to object at trial to the manner in which the guardian ad litem's report was filed and presented to the court waives any claim of error pursuant to Juv.R. 20(C)(4). In re Ch.O., Cuyahoga App. No. 84943, 2005-Ohio-1013; In reDi.R., Cuyahoga App. Nos. 85765, 85766, 2005-Ohio-5346.
 {¶ 44} In the instant matter, the record demonstrates that appellant waived any claim of error with regard to the guardian ad litem's report. There is no dispute that appellant at no time objected to the failure to file the report with the clerk or to include a certificate of service. Moreover, the record reveals that all parties were present when the guardian gave her recommendation and were afforded a recess to review the report prior to conducting a cross-examination of the guardian as to the report. Accordingly, appellant has waived any claim of error in regard to the guardian ad litem's report.
 {¶ 45} Furthermore, we find that any alleged error with regard to the guardian report is harmless. We cannot say that the juvenile court's decision would have been different had the court persisted on the timely submission of the report. Contrarily, sufficient evidence existed to support the court's decision without the guardian's report. Therefore, we find any alleged error not prejudicial to appellant. Appellant's fourth assignment of error is without merit.
 {¶ 46} Appellant's fifth assignment of error states:
 {¶ 47} "The trial court erred by failing to strike the prior guardian ad litem's written report after she became employed by the Cuyahoga County Prosecutor's Office to represent the agency."
 {¶ 48} Again, the record indicates that appellant never raised this issue at the trial court level. The proper time to assert such an argument for the first time would have been with the juvenile court as such an error could have been corrected or avoided at that time. SeeStores Realty Co. v. City of Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629; Snyder v. Stanford (1968), 15 Ohio St.2d 31, 238 N.E.2d 563;Oney v. Needham (1966), 6 Ohio St.2d 154, 216 N.E.2d 625; Nwabara v.Willacy, Cuyahoga App. No. 87724, 2006-Ohio-6414. Because appellant failed to bring the alleged error to the attention of the juvenile court, we find that he has waived this issue on appeal.
 {¶ 49} Moreover, even if we had not determined that appellant waived this alleged error, we nevertheless would have found appellant's argument without merit. Appellant presumes that the juvenile court improperly relied upon the report written by the prior guardian ad litem, Gabriella Ross, who resigned due to new employment with the prosecutor's office. In asserting this proposition, appellant directs this court to the juvenile court's decision, which stated:
 {¶ 50} "The Court received the report of the child's guardian ad litem/attorney, recommending that an order of permanent custody would be in the child's best interest.
 {¶ 51} Upon due consideration of the evidence presented and the report of the guardian ad litem/attorney for the child, the Court finds, by clear and convincing evidence, that * * *"
 {¶ 52} We decline to adopt appellant's contentions. A trial court is presumed to have considered only relevant and admissible evidence. SeeState v. Baston (1999), 85 Ohio St.3d 418, 421, 709 N.E.2d 128; In reGray (Apr. 20, 2000), Cuyahoga App. Nos. 75984 75985. Keeping this rule of law in mind, in reviewing the aforementioned statements of the court, we find that the court relied on the report written by Suzanne Picorelli, the guardian ad litem that testified at trial, not the report written Gabriella Ross. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 53} Appellant's sixth assignment of error states:
 {¶ 54} "The trial court erred in granting the agency's permanent custody motion as father's legal counsel's representation was ineffective and below an objective standard of reasonableness and thus prejudiced appellant's rights."
 {¶ 55} The United States Supreme Court enunciated the test for ineffective assistance of counsel in Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. The test, applicable to permanent custody proceedings pursuant to Jones v. Lucas Cty. ChildrenServ. (1988), 46 Ohio App.3d 85, 86-87, 546 N.E.2d 471 is stated as follows:
 {¶ 56} "First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." Id., at 687. Should one component of the analysis fail, an appellate court need not address both components. In re Hart (April 16, 1998), Cuyahoga App. No. 71783.
 {¶ 57} In applying Strickland, we note that a properly licensed attorney enjoys a presumption of competence. State v. Nabozny (1978),54 Ohio St.2d 195, 214, 375 N.E.2d 784. Furthermore, generally, the failure to object falls within the realm of trial tactics and does not establish ineffective assistance of counsel. State v. Hunt (1984),20 Ohio App.3d 310, 486 N.E.2d 108.
 {¶ 58} In the instant matter, we cannot say trial counsel's performance was deficient. Counsel appeared with appellant at every prior hearing, obtained written reports from various individuals documenting appellant's attempts to control his substance abuse problems, certificates of completion for parenting classes and proof of his enrollment at community college. Assuming arguendo that counsel's failure to object at trial to the instances outlined in his assignments of error was deficient, we cannot say that such deficiency prejudiced appellant's defense.
 {¶ 59} It is clear that appellant's repeated failures at controlling his drug and alcohol addictions prejudiced his defense. Appellant relapsed after he was reunited with J.J. As the juvenile court noted, "[appellant's] lengthy substance abuse history makes his prognosis uncertain." Furthermore, it was recommended that appellant seek psychiatric care but failed to do so. Finally, J.J. considers his foster family to be his home. This evidence prejudiced appellant, not the trial counsel's tactics. Accordingly, the outcome of the dispositional hearing would not have been different.
 {¶ 60} Finally, appellant asserts that trial counsel's performance was unacceptable because he failed to call as witnesses appellant's probation officer and his drug counselor. He claims that these witnesses would have explained his "drug issues." This argument also lacks merit. Trial counsel offered into evidence the reports of appellant's probation officer and drug counselor for the court's review. Any testimony they could have provided regarding appellant's "drug issues" would have been addressed in the reports. Accordingly, appellant was not prejudiced by trial counsel's decision not to call the witnesses.
 {¶ 61} In light of the foregoing, we can only conclude that the outcome of this trial would not have been different. Consequently, appellant has failed to demonstrate that counsel's performance deprived him of a fair trial or resulted in an outcome which was unreliable. Appellant's sixth assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and MELODY J. STEWART, J., CONCUR
[1] Appellant acknowledged in his Reply Brief that the statutory time frames set forth in R.C. 2151.414(A)(2) are not applicable to the instant action. Instead, the 90 day time limit under R.C. 2151.35(B)(1) applies as this matter stems from a complaint with an original dispositional request of permanent custody.