OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Terry L. Brannon, appeals from a final judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, awarding custody of his two minor children to appellee, Julie M. Calhoun-Brannon. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee were married on August 26, 1993. Two children, a daughter in 1994 and a second daughter in 1999, were born as issue of the marriage. On October 29, 1999, appellee filed a complaint for divorce. Appellee attached to her complaint a motion asking the trial court for custody of the two children pending the outcome of the proceedings. On November 24, 1999, appellant filed a motion with the trial court for shared parenting.
 {¶ 3} The trial court referred the matter to a magistrate, who then issued a decision recommending that appellee be designated the residential parent. Appellant filed a motion to set aside the magistrate's decision, arguing that the magistrate had refused to consider evidence supporting his motion for shared parenting. The trial court construed appellant's motion as objections to the magistrate's decision and overruled them on January 11, 2000.
 {¶ 4} Six months later, appellee filed her motion for shared parenting and objections to appellant's proposed plan. Among other things, she argued that shared parenting was not in the best interest of the children, and that there had been no change in circumstances supporting a modification of the allocation of parental rights and responsibilities. After conducting a hearing, the magistrate issued a decision on September 8, 2000, recommending that shared parenting was not in the best interest of the children because the minimal benefits did not justify ordering a change in the custody situation at that time.
 {¶ 5} Appellant filed objections to the magistrate's decision, which the trial court overruled. Appellant then filed an appeal with this court, arguing that he was denied a fair hearing because he was never permitted to introduce evidence in support of his motion for shared parenting. However, instead of reviewing the merits of appellant's argument, this court dismissed his appeal because the September 8, 2000 magistrate's decision was not a final appealable order as it was still subject to modification upon the entering of the final divorce decree.Calhoun-Brannon v. Brannon (Sept. 7, 2001), 11th Dist. No. 2000-T-0119, 2001 WL 1023767, at 2.
 {¶ 6} Following our decision, the trial court granted the parties a divorce on October 9, 2001. The magistrate then held a two-day hearing to determine the issue of custody, during which the parties introduced evidence for and against their respective positions. On December 11, 2002, the magistrate issued a decision recommending that the trial court grant appellee legal custody of the children and designate her as their residential parent. The trial court reviewed the magistrate's decision, and on the same day, adopted it in its entirety.
 {¶ 7} Nevertheless, appellant filed timely objections to the magistrate's decision. In addition to his objections, appellant also filed with the trial court a videotape of the hearing conducted by the magistrate. The trial court reviewed appellant's objections and ultimately overruled them on January 7, 2003.
 {¶ 8} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court erred in awarding appellee custody of the parties' two children.
 {¶ 9} Civ.R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. This court has repeatedly held that if the objecting party fails to provide either of the above in support of her objections, he "is precluded from arguing factual determinations on appeal." Yancey v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 WL 263757, at 2. As a result, "when no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision." Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018, 2000 WL 895599, at 1.
 {¶ 10} The record in this case shows that appellant, although filing objections to the magistrate's decision, failed to include a transcript or an affidavit with those objections, despite the fact that the proceedings were recorded. Appellant, however, did submit a videotape of the proceedings to the trial court. This submission, unfortunately, does not comply with the requirements of Civ.R. 53(E)(3)(b), which clearly states that a party objecting to a magistrate's decision must supply the trial court with a transcript or an affidavit of the evidence if a transcript is not available.
 {¶ 11} Even if the videotape was acceptable for providing the trial court with a record to consider, appellant has failed to transcribe the relevant portions for this court's review. App.R. 9(A) provides in pertinent part:
 {¶ 12} "When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 13} With the record before us, we are unable to determine what evidence the parties presented. As a result, the determination of appellant's assignment of error would require a review of the videotape because the arguments raised in that error refer to what occurred during the hearing. However, it was incumbent upon appellant to transcribe and append to his brief the necessary portions of the videotape to demonstrate his assignment of error. "This court will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised." In re Doyle (Dec. 18, 1992), 11th Dist. No. 91-G-1643, 1992 WL 387317, at 2. See, also, Dantzigv. Sloe (Sept. 30, 1996), 11th Dist. No. 94-G-1880, 1996 WL 635796, at 2. Without a proper and complete transcript, appellant cannot demonstrate the alleged error. Thus, this court must presume the regularity of the proceedings below. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. See, also, Doyle, supra.
 {¶ 14} As we noted earlier, appellant is arguing that the trial court erred in awarding custody of the children to appellee. Unfortunately, appellant's failure to provide the trial court with a transcript or affidavit precludes us from considering his assignment of error because this court must presume that the record supports the trial court's judgment unless appellant can demonstrate otherwise. Yancey at 3. That being said, even though appellant did not file a transcript or affidavit, the trial court was still obligated to review the magistrate's decision and determine whether there was an error of law or other defect on the face of the decision. Civ.R. 53(E)(4)(a).
 {¶ 15} Here, the trial court reviewed the magistrate's decision and found no such errors. Our own review of the decision also shows that, as it relates to the question of custody, the magistrate fully complied with the requirements of Civ.R. 53 and R.C. 3109.04(F)(1).
 {¶ 16} Specifically, the magistrate addressed each of the following R.C. 3109.04(F)(1) factors when considering the best interest of the child: (1) the wishes of the child's parents regarding the child's care; (2) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (3) the child's adjustment to the child's home, school, and community; (4) the mental and physical health of all persons involved in the situation; (5) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (6) whether either parent has failed to make all child support payments, including all arrearages; (7) whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of R.C. 2919.25
involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child; (8) whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; and (9) whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 17} Accordingly, the trial court did not abuse its discretion in adopting the decision of the magistrate. Pursuant to the foregoing analysis, appellant's assignment of error has no merit. The judgment of the trial court is affirmed.
Judgment affirmed.
Diane V. Grendell and Cynthia Westcott Rice, JJ., concur.