OPINION
{¶ 1} Appellant, Adam M. Gordon, appeals from the June 22, 2004 judgment entry of the Portage County Court of Common Pleas, Juvenile Division, denying his motion for shared parenting.
 {¶ 2} On February 26, 1998, appellant filed a complaint to establish paternity against appellee, Betty Liberty. Appellee did not file an answer. A hearing was held on June 10, 1998. Pursuant to its September 9, 1998 judgment entry, the trial court determined that appellant is the father of the parties' minor twins, Alexander and Zachary Gordon ("the minor children"), d.o.b., December 27, 1996, and appellee is the residential parent and legal custodian of the minor children. The trial court also granted companionship rights to appellant, and ordered him to pay child support in the amount of $367.49 per month.
 {¶ 3} On February 9, 1999, appellee moved to modify companionship, alleging that she planned to get married and move to Texas where her fiancé, who was in the military, was stationed. A hearing commenced before a magistrate on March 15, 1999. Pursuant to its March 17, 1999 decision, the magistrate determined that given the change in appellee's residence, modification of the visitation schedule would be in the best interests of the minor children. On that same date, the trial court adopted the magistrate's decision, and issued an out-of-state visitation schedule.
 {¶ 4} On June 18, 1999, appellant filed a motion to change the out-of-state visitation, alleging that appellee never moved out of state, and, thus, he has been denied visitation. A hearing was held before a magistrate on September 2, 1999. According to its October 8, 1999 decision, the magistrate determined that appellant's motion was well-taken and in the best interest of the minor children. The trial court adopted the magistrate's decision and issued an in-state child visitation schedule on October 8, 1999.
 {¶ 5} On December 28, 1999, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B), alleging that the date utilized for commencement of support was incorrect and resulted in an improper arrearage in child support payments. Appellant also moved for a modification of the order to allow him to claim the minor children for tax purposes. A hearing was held on April 13, 2000.[1] Appellant withdrew his Civ.R. 60(B) motion regarding the arrearage calculations, and appellee consented to appellant utilizing the minor children as dependents for tax purposes for 1999. The parties also agreed that beginning in 2000 and for the years following, appellant would take Alexander and appellee would take Zachary as dependents for tax purposes.
 {¶ 6} On October 20, 2003, appellant filed a motion to modify support and for shared parenting.[2] A hearing was held before a magistrate on December 1, 2003, and the parties failed to reach an agreement.[3]
Thus, a hearing on appellant's motion for shared parenting commenced before a magistrate on April 5, 2004.
 {¶ 7} At the April 5, 2004 hearing, appellee testified that she was engaged and lived in Streetsboro, Ohio, with her new fiancé and the minor children. Appellee indicated that she worked part-time at Marc's in Aurora, Ohio, and earned $6.25 per hour. Appellee stated that appellant continuously failed to take the minor children to school, per their agreement. Appellee did not feel that appellant's proposed shared parenting agreement was good for the minor children, due to the rotation of living with one parent one week and the other parent the following week. Appellee explained that she did not think it was a good idea to bounce the minor children back and forth. Appellee stressed that she gives appellant additional time with the minor children, beyond the court ordered visitation schedule, which requires that appellant get the minor children every other weekend and every Wednesday. Appellee said she previously planned on moving to Texas, but decided not to, and that appellant knew she did not move.
 {¶ 8} According to appellant, he also lives in Streetsboro, Ohio, approximately 2.3 miles away from appellee and the minor children. Appellant denied knowing that appellee and the minor children did not move to Texas, which resulted in a nine-month delay in visitation. Appellant stated that he tries to work full-time at GC Products in Warrensville Heights, Ohio, where he earns about $20,000 to $23,000 per year, gross. Appellant said that he does not provide health insurance for the minor children, and he occasionally misses visitation. On cross-examination, appellant testified that since he moved to Streetsboro, he has added an additional overnight with the minor children, beyond the court ordered visitation schedule.
 {¶ 9} Pursuant to its April 9, 2004 decision, the magistrate denied appellant's request for shared parenting, granted his motion for increased parenting time, and determined that the in-state visitation schedule should apply.[4] The trial court adopted the magistrate's decision on that same date. On April 16, 2004, appellant filed objections to the magistrate's decision, and a hearing was held before the trial judge on June 15, 2004.
 {¶ 10} Pursuant to its June 22, 2004 judgment entry, the trial court indicated that appellant's objections to the magistrate's decision were not well-taken. The trial court denied appellant's motion for shared parenting, granted his motion for increased parenting time, and stated that the in-state visitation schedule should apply.[5] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 11} "[1.] The trial court erred in failing to address appellant's request to modify support.
 {¶ 12} "[2.] The trial court erred in not finding a change of circumstance of substance sufficient to support appellant's request for shared parenting."
 {¶ 13} In his first assignment of error, appellant argues that the trial court erred and abused its discretion by failing to address his request to modify support, and by not completing a child support computation worksheet.
 {¶ 14} It is well-established that an appellate court employs an abuse of discretion standard when reviewing matters concerning child support.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion involves more than an error of law or judgment, it implies that the decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, an appellate court must not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138.
 {¶ 15} This court stated in Morrow v. Morrow (Sept. 4, 1998), 11th Dist. No. 97-L-237, 1998 Ohio App. LEXIS 4164, at 5, that:
 {¶ 16} "[w]hile appellant accurately asserts that a child support worksheet must generally be completed and made part of the trial court record, see, Marker v. Grimm (1992), 65 Ohio St.3d 139 * * *, paragraph one of the syllabus, the Eighth District Court of Appeals has held that when no modification of child support is ordered, the trial court is not required to include in the record a child support worksheet. Orefice v.Orefice (Dec. 19, 1996), [8th Dist.] No. 70602, 1996 Ohio App. LEXIS 5752. We agree." (Parallel citation omitted.)
 {¶ 17} In the case at bar, on October 20, 2003, appellant filed a motion to modify support and for shared parenting, to which he attached a proposed shared parenting plan. Again, a hearing was held on December 1, 2003, but the parties failed to reach an agreement. Thus, a hearing on appellant's motion for shared parenting commenced before a magistrate on April 5, 2004. We must stress that appellant did not provide any argument or submit any evidential material with respect to his motion to modify child support. The magistrate denied appellant's request for shared parenting and the trial court adopted the magistrate's decision. Appellant filed objections and a hearing commenced on June 15, 2004.
 {¶ 18} In its June 22, 2004 judgment entry, the trial court stated that in addition to appellate cases, it "considered the [m]agistrate's [d]ecision, the written objections of [appellant], the oral arguments of [c]ounsel, the transcript of the [h]earing held on April 5, 2004, and the [e]xhibits submitted to the [c]ourt. * * *
 {¶ 19} "The [c]ourt finds that the objection based upon the failure to modify child support is not well taken. The [c]ourt finds that no evidence was submitted on the issue of [c]hild [s]upport and no arguments were made in support of the [m]otion to [m]odify [c]hild [s]upport. The [c]ourt, therefore, [o]verrules the [o]bjection on the issue of child support with the understanding that [appellant] may file, at any time, his [m]otion to [m]odify [c]hild [s]upport."
 {¶ 20} We agree. Based on Morrow, supra, since the trial court denied appellant's motion to modify child support, it was not required to include a child support worksheet. In addition, although the parties' incomes were briefly mentioned at the April 5, 2004 shared parenting hearing, appellant failed to present any argument or submit any evidential material with respect to his motion to modify child support. Thus, the trial court properly determined that it could not decide the modification of child support because appellant presented no argument or evidence on that issue. Appellant's first assignment of error is without merit.
 {¶ 21} In his second assignment of error, appellant contends that the trial court erred in not finding a change of circumstances sufficient to support his request for shared parenting. Appellant stresses that the trial judge's attitude was unreasonable.
 {¶ 22} R.C. 3109.04(E)(1)(a) governs agreements allocating parental rights and responsibilities and provides that:
 {¶ 23} "[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 24} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 25} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 26} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 27} A trial court's decision concerning R.C. 3109.04 will not be disturbed on appeal absent an abuse of discretion. Basinger v. Basinger
(Apr. 30, 1999), 11th Dist. No. 98-T-0080, 1999 Ohio App. LEXIS 2017, at 6, citing Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus.
 {¶ 28} We stated in Holz v. Holz (Nov. 16, 2001), 11th Dist. No. 2001-A-0003, 2001 Ohio App. LEXIS 5127, at 11-12, that:
 {¶ 29} "`* * * [p]ursuant to R.C. 3109.051(D), [which governs visitation rights], the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child.' Braatz [v. Braatz
(1999), 85 Ohio St.3d 40], at paragraph two of the syllabus. Included in those criteria are the interaction of the child with his parents; the geographical distance between the residences of each parent; the child's and parents' available time; the age of the child; the child's adjustment to his home, school and community; the child's wishes and concerns if expressed to the court; the health and safety of the child; the mental and physical health of all of the parties; the parents' willingness to cooperate and facilitate visitations; and any other factor in the best interest of the child. R.C. 3109.051(D). * * *"
 {¶ 30} In the case sub judice, based on R.C. 3109.04(E)(1)(a), the record establishes that the only change which has occurred since the prior decree is that appellee and the minor children have moved and presently reside in the same city as appellant. The foregoing is not a sufficient change of circumstance to warrant a modification of the previous allocation of parental rights and responsibilities. R.C.3109.04(E)(1)(a). In addition, pursuant to its judgment entry, it is clear that the trial court considered the applicable R.C. 3109.051(D) factors in determining that an extension of parenting time with appellant is in the best interest of the minor children. Appellant's second assignment of error is without merit.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
Grendell, J., O'Toole, J., concur.
[1] The record does not contain a transcript from that hearing.
[2] Appellant attached a proposed shared parenting plan to his motion, requesting more parenting time with the minor children, and indicating that he had gotten married and moved within two miles of appellee and the minor children. However, appellant did not provide any argument or submit any evidential material with respect to his motion to modify child support.
[3] The record does not contain a transcript from that hearing.
[4] The magistrate indicated that the only change which occurred since the last decree was that appellant and the minor children presently lived within the same city. The magistrate determined that a sufficient change of circumstances had not occurred to warrant a modification of the previous allocation of parental rights and responsibilities.
[5] Appellant exercises visitation every Wednesday evening, and alternating weekends which were extended through Monday morning.