OPINION
{¶ 1} Appellant, Robert R. Cunningham, III, appeals from the December 17, 2007 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations, Juvenile Division, which overruled appellant's objections and adopted the magistrate's order denying his motion to decrease child support. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} On September 24, 2007, appellant ("Mr. Cunningham") filed a motion to decrease child support for his minor child based on his current income, which he *Page 2 
claimed was substantially less than the last determination of his income by the trial court. Thus, Mr. Cunningham argued that he was entitled to a new and lower child support order.
 {¶ 4} Mr. Cunningham and appellee, Ms. Mary Beth Cunningham ("Ms. Cunningham"), were never married and separated in 1995. Their relationship brought one child, "R.C.", who was born on June 9, 1993. The couple decided to part ways, and Mr. Cunningham filed for custody of R.C. on October 6, 1995. The court ordered that Ms. Cunningham be the residential parent and legal custodian of R.C. and granted visitation rights to Mr. Cunningham on October 16, 1997. On May 19, 1999, the court set Mr. Cunningham's monthly child support payments at $780.
 {¶ 5} The case was referred to the magistrate for a hearing on Ms. Cunningham's objections on June 17, 1999. On August 5, 1999, the court retroactively applied the child support payments to August 19, 1997. The case was again referred for a hearing on Mr. Cunningham's objections and Ms. Cunningham's motion for establishment of arrearages on September 23, 1999.
 {¶ 6} On September 24, 1999, the Child Support Enforcement Agency ("CSEA") filed a motion and notice of contempt against Mr. Cunningham for failure to pay child support. On November 1, 1999, Ms. Cunningham filed a motion ex parte for a restraining order to prevent Mr. Cunningham from selling and disposing of his assets, which consisted of various businesses and properties.
 {¶ 7} The court ultimately issued a child support order on August 30, 2000, upholding the magistrate's decision. The magistrate determined that the primary reason for the tortured history of this case was Mr. Cunningham's repeated delays in providing *Page 3 
appropriate income records. The magistrate further determined that the proper date for applying the payments retroactively was October 15, 1997, not August 19, 1997, as in the prior order. Mr. Cunningham was found to be voluntarily underemployed. He had either sold or dissipated all of his businesses and rental properties, and claimed to be essentially destitute, all the while testifying that he was capable of being a consultant in the construction business and had in fact done consulting work.
 {¶ 8} Ultimately, the court found that the prior income that was initially imputed to Mr. Cunningham was not supported by credible evidence, and that there was no evidence that Mr. Cunningham could not work, or that employment opportunities were not available to him. Thus, the court found that Mr. Cunningham was voluntarily underemployed pursuant to R.C. 3113.25(A)(5)(a), and imputed to him a gross yearly income of $36,000. The court further found that pursuant to the attached child support computation worksheet, his monthly child support payments were $425.75, and pursuant to law and equity, the child support payments were to be applied retroactively to October 15, 1997. Thus, Mr. Cunningham was ordered to pay an additional $50 per month to apply to the arrearages.
 {¶ 9} CSEA filed a second motion and notice to hold Mr. Cunningham in contempt for failure to pay child support on March 1, 2001. On July 23, 2001, Mr. Cunningham was found in contempt for failing to pay his child support because he was only paying $50 per month. Accordingly, after failing to purge himself of the contempt, Mr. Cunningham was sentenced to serve ten days in the Trumbull County jail.
 {¶ 10} CSEA filed a third motion and notice of contempt for Mr. Cunningham's failure to pay child support on December 11, 2001. Following a hearing before the *Page 4 
magistrate, on February 22, 2002, the court ordered Mr. Cunningham to report to CSEA once a week, and to bring an updated report of his doctor. Following the compliance hearing on June 12, 2002, the court sentenced Mr. Cunningham to serve twenty days in the Trumbull County jail for failure to comply with contempt order. While Mr. Cunningham had been reporting to CSEA once a week, he did not seek employment or verify his medical status.
 {¶ 11} CSEA filed a fourth motion in contempt on June 22, 2004. On September 7, 2004, the court found Mr. Cunningham guilty of contempt and sentenced him to thirty days in the Trumbull County jail. Mr. Cunningham had the option to purge by reporting daily to CSEA until he became employed and earned sufficient income to pay his monthly child support payments and arrearages.
 {¶ 12} At the compliance hearing on September 29, 2004, the magistrate found Mr. Cunningham was not in contempt in that he complied with the September 7, 2004 order by reporting to CSEA on a daily basis. He was ordered to continue his reporting to CSEA, and his driver's license was returned. A second compliance hearing was held before the magistrate on October 13, 2004, and on October 21, 2004, the court approved the magistrate's decision that found Mr. Cunningham was still complying with the order and he was ordered to continue doing so.
 {¶ 13} On December 28, 2005, however, CSEA filed another motion in contempt against Mr. Cunningham for his continuing failure to pay child support. The court found Mr. Cunningham in contempt on April 7, 2006, and sentenced him to thirty days in the Trumbull County jail, while giving him the option to purge by paying $5,000 to CSEA *Page 5 
within sixty days. Mr. Cunningham failed to purge himself and was sentenced to serve thirty days in the Trumbull County jail on June 14, 2006.
 {¶ 14} Mr. Cunningham filed a motion to decrease child support on September 24, 2007. Following a hearing on November 7, 2007, the magistrate determined that Mr. Cunningham was in arrears in excess of $40,000 on his child support payments and that Ms. Cunningham had not received "one dime since 2001." The magistrate noted that Mr. Cunningham has been in jail three times in contempt for failure to pay child support.
 {¶ 15} At the hearing, per the magistrate's decision, Mr. Cunningham testified that he remains unemployed, has no resources, no real estate, no car, no bank account, no driver's license, and that he runs an apartment complex for his mother for which he receives room and board in return. He also testified that he has significant debt in that he owes his mother $200,000 and his aunt $86,000. Court records offered demonstrated that a number of liens have been filed. Mr. Cunningham failed to file an income tax return since 1997 or 1998. He then testified that he would verify within seven days of the hearing that he did not inherit any of his father's business. As of the date of the magistrate's decision, however, Mr. Cunningham failed to provide such evidence to the court. Thus, the magistrate concluded that Mr. Cunningham continues to be underemployed and has the ability to access funds to make child support. The magistrate recommended denying Mr. Cunningham's motion and that when he obtained full-time employment, which paid at least minimum wage, he could petition the court to consider the return of his driver's license. The court adopted the magistrate's decision in full on November 29, 2007. *Page 6 
 {¶ 16} Mr. Cunningham filed an objection to the magistrate's decision on December 11, 2007, arguing that his counsel did indeed send a fax regarding his father's estate to the magistrate of the court on November 15, 2007, eight days after the magistrate's order as he was ordered to do. The fax is not found in the court file, but was attached to Mr. Cunningham's objections and includes a document entitled "Waiver of Appointment as Co-Trustee of Trust and Partial Right to be Beneficiary Under Trust," by which Mr. Cunningham waived his right to be a beneficiary of the assets of the trust as it relates to the common stock of loan payments from a family business.
 {¶ 17} The court issued a judgment entry on December 17, 2007, which overruled Mr. Cunningham's objections and reiterated the order of November 29, 2007. After conducting an independent review of the record, the motion, and the magistrate's report in dispute, the court found that Mr. Cunningham had twenty days to provide information refuting the testimony that he inherited one-third of the family business, which he failed to do, and further, that he is underemployed and has the ability to access funds to make his child support payments. The court also ordered that when Mr. Cunningham does obtain full-time employment that pays at least minimum wage, he may then petition the court to consider the return of his driver's license.
 {¶ 18} Mr. Cunningham then filed the instant appeal on January 16, 2008. The record, however, was incomplete as it did not include a transcript of the hearings. Accordingly, on March 4, 2008, Mr. Cunningham filed with the trial court a motion for approval of an App. R. 9(C) statement.
 {¶ 19} When this case was transmitted on appeal, absent from the record was a notice of service upon Ms. Cunningham, or a ruling from the trial court on the statement *Page 7 
of evidence. Thus, on May 30, 2008, we remanded for the parties and the trial court to follow the proper procedure pursuant to App. R. 9(C) for the creation of a statement of the evidence. Due to the logistics of the record, we waived the timing provisions of App. R. 9(C), and instead gave each party and the trial court ten days to respond from their receipt of the statement, and if needed, further time to hold an evidentiary hearing.
 {¶ 20} While this was pending, Mr. Cunningham was found to be in contempt of court on May 27, 2008, and was given the opportunity to purge himself by paying CSEA $5,000. Mr. Cunningham complied and purged himself of the contempt on June 13, 2008.
 {¶ 21} Mr. Cunningham filed another statement of evidence on May 30, 2008, with a certificate of service upon Ms. Cunningham on May 29, 2008. The court, however, did not rule upon the statement of evidence. Therefore, there is no statement of evidence that can be properly considered by this court in the present appeal.
 {¶ 22} Mr. Cunningham raises two assignments of error:
 {¶ 23} "[1.] The trial court erred in finding that appellant had the ability to access funds to make child support payments.
 {¶ 24} "[2.] The magistrate erred in retaining the current support without imputing income to determine the level of child support that appellant could pay."
 {¶ 25} Standard of Review
 {¶ 26} "It is well established that an appellate court employs an abuse of discretion standard when reviewing matters concerning child support." Gordon v. Liberty, 11th Dist. No. 2004-P-0059, 2005-Ohio-2884, ¶ 14, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes more than an error of law or *Page 8 
judgment; it implies that the decision was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 27} Burden of Appellant to Provide Transcript or Statement ofEvidence
 {¶ 28} In both of Mr. Cunningham's assignments of error, he challenges the factual findings of the magistrate's decision denying his motion to decrease child support. No verbatim transcript of the hearing was ordered, but an alternative to a transcript is provided by App. R. 9(C), which states:
 {¶ 29} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 30} In this case, the trial court never settled and approved Mr. Cunningham's proposed statement. Indeed, we remanded the case because the record contained Mr. Cunningham's unapproved statement. The statement did not reflect that Ms. Cunningham was properly served, and the record was silent as to the trial court's approval or disproval. Following our remand on May 30, 2008, Mr. Cunningham filed *Page 9 
another statement of evidence, albeit this time with proper service. The case was transmitted to our court on June 18, 2008, again with no action of the trial court.
 {¶ 31} "App. R. 9 gives the trial judge the authority to ensure that the statement conforms with the truth." Kotula v. Kotula (July 3, 1997), 8th Dist. No. 70408, 1997 Ohio App. LEXIS 2911, 5, citing Joiner v.Illuminating Co. (1978), 55 Ohio App.2d 187. "Where the trial court does not sign the proposed statement, the appellate court assumes it was not approved." Id., citing King v. Plaster (1991), 71 Ohio App.3d 360, 362. Therefore, the proposed statement appellant submitted pursuant to App. R. 9(C) is not a part of the record before this court.
 {¶ 32} In Kotula, the Eighth District cogently explained that "[i]t is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. App. R. 9 and 10; Rose v. Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Ostrander v. Parker-Fallis Insulation Co., Inc. (1972),29 Ohio St.2d 72. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court" and appellant cannot prove error. Id. at 5-6, quoting Chaney v. East, dba All-Pro Transmission (1994),97 Ohio App.3d 431.
 {¶ 33} Further, Mr. Cunningham failed to provide the trial court with a transcript of hearing or an affidavit of the evidence that was presented to the magistrate. Attached to his objections was an affidavit from his attorney and documents, but notably absent was a transcript or affidavit regarding the actual hearing. *Page 10 
 {¶ 34} "Civ. R. 53(E)(3)(b) provides that `any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.' The duty to provide a transcript or affidavit to the trial court rests with person objecting to the magistrate's decision." Harris v. Transportation Outlet, 11th Dist. No. 2007-L-188, 2008-Ohio-2917, ¶ 34, citing Brown v. Gabram, 11th Dist. No. 2004-G-2605, 2005-Ohio-6416, ¶ 17, citing Calhoun-Brannon v.Brannon, 11th Dist. No. 2003-T-0019, 2003-Ohio-7216, ¶ 9, citing In reO'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 Ohio App. LEXIS 5460, 3.
 {¶ 35} "[I]f the objecting party fails to provide either of the [foregoing] in support of [its] objections, [the party] `is precluded from arguing factual determinations on appeal.'" Id. at ¶ 35, quotingBrown at ¶ 17, citing Yancy v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 Ohio App. LEXIS 788, 2.
 {¶ 36} "The result of this preclusion is the waiver of `any claim that the trial court erred in adopting the magistrate's findings,' and the appellate court is limited to a `determination of whether the trial court erred in finding that there was no error of law or other defect on the face of the * * * magistrate's decision. Civ. R. 53(E)(4)(a).'" Id. at ¶ 36, quoting Brown at ¶ 18, citing Lovas v. Mullet (June 29, 2001), 11th Dist. No. 2000-G-2289, 2001 Ohio App. LEXIS 2951 at 6.
 {¶ 37} Thus, even if Mr. Cunningham's statement of evidence was properly before us, we would be precluded from considering the statement since he failed to properly object to the magistrate's decision as provided by Civ. R. 53.
 {¶ 38} With this in mind, we turn to Mr. Cunningham's assignments of errors.
 {¶ 39} Manifest Weight of the Evidence *Page 11 
 {¶ 40} In his first assignment of error, Mr. Cunningham challenges the court's order based upon a manifest weight of the evidence argument. Specifically, he argues that the trial court erred in finding that he had the ability to access funds to pay his child support payments. While he does not challenge the trial court's finding that he is voluntarily unemployed, he asserts the trial court's finding is against the manifest weight of the evidence because the trial court relied on an unsupported statement by Ms. Cunningham that he had received a large inheritance some time ago from his father's business. We find this argument to be without merit.
 {¶ 41} "* * * `Manifest weight' requires a review of the weight of the evidence presented * * *.
 {¶ 42} "In determining whether the verdict was against the manifest weight of the evidence, `(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" Harris at 31-32, quotingBrown at ¶ 11, quoting State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, 14-15.
 {¶ 43} Mr. Cunningham's argument challenges the magistrate's factual findings that he is able to access funds to pay his child support. As we already noted, in order to review whether the trial court abused its discretion in adopting the magistrate's decision, and whether that decision is supported by the manifest weight of the evidence, we would need to review and weigh the testimony introduced at the hearing and consider *Page 12 
the credibility of the record. Mr. Cunningham, however, failed to provide this court with a transcript or an approved statement of the evidence.
 {¶ 44} Thus, he has waived any claim that the trial court erred in adopting the magistrate's findings and we review for "an error of law or other defect on the face of the magistrate's decision." Lovas at 6. See, also, In re Wright (Feb. 23, 2001), 11th Dist. No. 2000-T-0108, 2001 Ohio App. LEXIS 685; Hobt v. Hobt (July 21, 2000), 11th Dist. No. 99-G-2223, 2000 Ohio App. LEXIS 3291, 13; Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, 10-11.
 {¶ 45} Mr. Cunningham argues that the court erred in finding that he was capable of accessing funds to pay his child support because the magistrate ignored his supplemental facsimile, which allegedly proves that he has no funds to access. The record reflects at the hearing on November 7, 2007, the magistrate ordered Mr. Cunningham to submit evidence within twenty days to refute the testimony that he had inherited one-third of the family business. On November 15, 2007, Mr. Cunningham allegedly submitted by facsimile a copy of the fiduciary account from his father, which included a partial waiver of any right to be a beneficiary under the trust. The fax, however, was not filed with the clerk and was not a part of the record before the court at the time the magistrate issued her decision. The affidavit with the attached documents was attached to Mr. Cunningham's objections. Thus, the magistrate found that "father has had twenty (20) days to provide the information refuting the testimony that he inherited one-third of the family business. He has failed to do so."
 {¶ 46} We cannot say that this was an error of law as even if this were a part of the record, Mr. Cunningham's submitted evidence reflects that he voluntarily signed *Page 13 
away his rights to certain assets in his father's trust. Moreover, the magistrate was in the best position to determine the credibility of the parties' testimony and Mr. Cunningham's financial documents. "As the trier of fact, the magistrate was in the best position to hear and observe all of the witnesses, and to measure their credibility. In that capacity, the magistrate had the right to either believe or disbelieve the testimony that was given." Lovas at 6, citing Kerr v. AbacusComputer Services (Dec. 29, 2000), 11th Dist. No. 2000-L-004, 2000 Ohio App. LEXIS 6213, 2.
 {¶ 47} Indeed, this case has a long and tortured history because of Mr. Cunningham's evasive tactics and failure to pay his child support. Since the inception of this case, Mr. Cunningham sold or depleted his assets and rental properties, refused to file income taxes for several years, and continues to be unemployed at the same time judgment creditors have been paid ahead of his child support obligation. Thus, nothing has changed since the initial child support order in which the trial court determined that Mr. Cunningham was capable of employment but remains voluntarily unemployed. Since that time, he has continued to shirk his responsibility and has been served with six notices of contempt, two of which he successfully purged.
 {¶ 48} Therefore, we cannot say that the magistrate abused her discretion in determining that Mr. Cunningham failed to submit any evidence of a substantial change in circumstances that would warrant a decrease in his child support since the initial order was entered. Quite simply, Mr. Cunningham cannot demonstrate that the trial court abused its discretion in adopting the magistrate's decision and is unable to show that the decision was against the manifest weight of the evidence, as "[a] manifest *Page 14 
weight exercise requires the reviewing court to analyze the factual evidence to determine whether the legal conclusions arrived at were proper." Hobt at 14.
 {¶ 49} Mr. Cunningham's first assignment of error is without merit.
 {¶ 50} No Substantial Change of Circumstance
 {¶ 51} In his second assignment of error, Mr. Cunningham argues that the magistrate erred in retaining the current amount of child support without imputing income to determine the level of child support that he could pay. Specifically, he argues that the magistrate erred in failing to determine the potential income that should be imputed since the magistrate did not compute a new child support worksheet pursuant to R.C. 3119.02. We find this argument to be without merit.
 {¶ 52} "To justify the modification of an existing child support order, the moving party must demonstrate `a substantial change of circumstances which "render(s) unreasonable an order which was once reasonable."'" Franks v. Franks (June 15, 2001), 11th Dist. No. 2000-P-0015, 2001 Ohio App. LEXIS 2715, quoting Carson v. Carson (1989),62 Ohio App.3d 670, 673, quoting Bright v. Collins (1982),2 Ohio App.3d 421, 425. "A voluntary termination of employment does not generally establish a change of circumstances sufficient to modify child support payments." Id., citing Boltz v. Boltz (1986), 31 Ohio App.3d 214, 216. "A parent's subjective motivations for being voluntarily unemployed play no role in determining whether potential income should be imputed to a parent for purposes of calculating child support." Id., citing Rock v.Cabral (1993), 67 Ohio St.3d 108, 111. "The trial court's primary consideration is the welfare of the child, and the main purpose of child support is to protect and ensure the best interests of the child." Id. "Absent an abuse of discretion, a reviewing court will not *Page 15 
disturb a trial court's determination that a parent is voluntarily unemployed." Id., citing Rock at 112.
 {¶ 53} Mr. Cunningham argues that the original child custody order is ten years old, and that there were changes in his income and assets since the original order. He argues that the magistrate erred by not completing a new child support worksheet to reflect the changes in his assets, and that potential income was improperly imputed.
 {¶ 54} While Mr. Cunningham is correct in his assertion that "a child support worksheet must generally be completed and made part of the trial court record," see, Gordon at ¶ 16, quoting Morrow v. Morrow (Sept. 4, 1998), 11th Dist. No. 97-L-237, 1998 Ohio App. LEXIS 4164, 5, citingMaker v. Grimm (1992), 65 Ohio St.3d 139, paragraph one of the syllabus, we and other districts have held that "when no modification of child support is ordered, the trial court is not required to include in the record a child support worksheet." Id., citing Orefice v. Orefice (Dec. 19, 1996), 8th Dist. No. 70602, 1996 Ohio App. LEXIS 5752. See, also,Barnard v. Kuppin (Sept. 10, 1999), 1st Dist. Nos. C-980360 and C-980400, 1999 Ohio App. LEXIS 4185; Davidson v. Davidson, 7th Dist. No. 07 BE 19, 2007-Ohio-6919, ¶ 19 (some courts have held that a trial court does not need to complete a worksheet and include it in the record when it is refusing to modify an already existing child support order, calling the inclusion of a worksheet in this circumstance a "vain act."); Nwabara v. Williacy, 8th Dist. No. 8772, 2006-Ohio-6414;Pryor v. Pryor, 3d Dist. No. 9-2000-55, 2000-Ohio-1809.
 {¶ 55} In this case, the trial court would clearly be engaging in a "vain act" in completing a new child support worksheet since Mr. Cunningham's motion to decrease child support simply states that his current income is "substantially less than the last *Page 16 
determination" of his income. No argument or evidentiary support was offered in support of the motion. Thus, we cannot say the magistrate erred in determining that there was no change of circumstances from the initial determination that Mr. Cunningham is voluntarily unemployed.
 {¶ 56} Mr. Cunningham's child support payments are $427 per month or $5,124 per year, excluding the arrearages. Pursuant to R.C. 3119.021, the basic child support schedule provides that for one child, an annual basic support of this amount would require a gross income of the obligor to be between $27,500 and $28,200. At the beginning of this case, in 1995, before Mr. Cunningham sold his businesses and assets, we note that he was making a yearly salary in the range of $80,000 to $100,000.
 {¶ 57} Mr. Cunningham concedes that completing a child support worksheet in some cases would be a "vain act," but he avers that the trial court did not clearly state why completing a worksheet would be a vain act in this case. Mr. Cunningham, however, has provided no new evidence that his income has substantially changed or was drastically reduced since the court initially determined that he was voluntarily unemployed, except that he continues to refuse to seek employment, and that his situation remains essentially, unchanged. "[I]n order to ensure that a parent makes employment decisions for the appropriate reasons, and not to avoid their child support obligations, a parent must be able to demonstrate an `objectively reasonable basis' for terminating or otherwise diminishing employment." Franks at 11, quoting Koogler v.Koogler (July 18, 1997), 2d Dist. No. 16253, 1997 Ohio App. LEXIS 3432, 10
 {¶ 58} A review of the trial court's judgment entry reveals that it is not vague in that it clearly states Mr. Cunningham has failed to provide evidence to refute testimony *Page 17 
that he inherited one-third of the family business, that he is underemployed, and further, that he has the ability to access funds. Moreover, the court goes on to state that if Mr. Cunningham obtains a full-time job that pays at least minimum wage, he can petition the court for the return of his driver's license.
 {¶ 59} As Mr. Cunningham failed to provide the trial court with a transcript of the hearing, he cannot now challenge the magistrate's factual determinations. We find no errors of law in the trial court's independent review of the record, upholding the magistrate's decision to overrule Mr. Cunningham's motion to decrease child support, when there is no evidence of a change in circumstances, substantial or otherwise.
 {¶ 60} Mr. Cunningham's second assignment of error is without merit.
 {¶ 61} The judgment of Trumbull County Court of Common Pleas, Domestic Relations, Juvenile Division, is affirmed.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1