[Cite as *Koustis v. Koustis*, 2016-Ohio-7144.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| GEORGE G. KOUSTIS, | : | **O P I N I O N** |
| Plaintiff-Appellee/<br>Cross-Appellant, | : | |
| | : | **CASE NO. 2015-G-0032** |
| - vs - | : | |
| KELLY A. KOUSTIS, | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 09 DC 001292.

Judgment: Affirmed.

*Robert E. Somogyi,* Skylight Office Tower, 1660 West Second Street, Suite 660, Cleveland, OH 44113 (For Plaintiff-Appellee/Cross-Appellant).

*Elaine Tassi,* 34955 Chardon Road, Willoughby Hills, OH 44094 (For Defendant-Appellant/Cross-Appellee).

*Sarah L. Heffter,* 401 South Street, #2-B, Chardon, OH 44024 (Guardian ad Litem).

COLLEEN MARY O'TOOLE, J.

{¶1} Kelly A. Koustis appeals from the judgment entry of the Geauga County Court of Common Pleas, denying her motion to modify child support. George G. Koustis appeals the trial court's award of attorney fees. We affirm.

{¶2} The parties were married in October 1989 in Florida. They have three children: Hannah (DOB October 18, 1993); Courtney (DOB June 1, 1997); and Jillian (DOB August 5, 1999). During the marriage, Mr. Koustis owned and operated restaurants. At the time of their divorce, he had an income of $35,000. Ms. Koustis had an income of $15,184. According to the child support guidelines, Mr. Koustis' child support obligation was approximately $600 per month. The parties evidently agreed to a downward deviation to $500 per month, since the children resided with him approximately one half of the time.

{¶3} Since the time of the divorce, all parties were residing in Geauga County, Ohio. Their eldest daughter, Hannah, is emancipated, and lives in Florida. At the time of the hearing on Ms. Koustis' motion to modify child support, she worked part time as a bank teller. Mr. Koustis worked for his father as the manager of a Brown Derby Restaurant in Mentor, Ohio.

{¶4} Ms. Koustis filed her motion to modify child support September 17, 2012. She also filed a motion to show cause, due to Mr. Koustis' failure to refinance the note and first mortgage on the family house in Chardon, Ohio. Mr. Koustis also filed assorted show cause motions. Eventually, both parties agreed they were in contempt: Mr. Koustis for failure to refinance the mortgage and issue Ms. Koustis a promissory note as required by the divorce decree; Ms. Koustis for having unilaterally taken the children from Florida, and failure to obtain Mr. Koustis' written agreement for disbursement of funds from a trust fund for the children.

{¶5}     Hearing on the motion to modify child support went forward September 23, 2013.  July 8, 2015, the trial court filed its judgment entry, denying the motion to modify.  No child support worksheet was included with the judgment entry.  In the same judgment entry, it awarded attorney fees to each party as sanctions for their contempt.  Ms. Koustis' counsel submitted a bill for $18,000, while that of Mr. Koustis' counsel was $13,000.  Mr. Koustis was ordered to pay $7,500.  Ms. Koustis was ordered to pay only $1,000.

{¶6}     Ms. Koustis timely noticed appeal, assigning four errors.  Mr. Koustis cross appealed, assigning a single error.

{¶7}     Ms. Koustis' first assignment of error reads: "The trial court erred and abused its discretion in denying Appellant's motion to modify child support without performing a child support guideline calculation to determine if there was a change in circumstances pursuant to O.R.C. 3119.79(A)."  Her second assignment of error reads: "The Trial Court erred and abused its discretion by not applying the ten percent test mandated in O.R.C. 3119.79 in ruling that Appellant failed to meet her burden of proof to show that there had been a change in circumstances."  Being interrelated, we analyze these assignments of error together.

{¶8}     As Ms. Koustis points out, R.C. 3119.79 generally requires a trial court to recalculate child support; filling out the appropriate worksheet and making it part of the record when a party moves to modify child support.  R.C. 3119.79(A) provides, in pertinent part:

3

{¶9} "If an * * * obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."

{¶10} Ms. Koustis points out that the parties' eldest daughter has become emancipated since the original child support calculation was made, and asserts this alone would change the present calculation by more than ten percent.

{¶11} Mr. Koustis counters that Ms. Koustis never asked the trial court for findings of fact and conclusions of law pursuant to Civ.R. 52, thus removing from the trial court any burden to justify its judgment. He also cites to the decision in *In re Cunningham*, 11th Dist. Trumbull No. 2008-T-0006, 2008-Ohio-3737, ¶54, where this court stated:

{¶12} "While Mr. Cunningham is correct in his assertion that 'a child support worksheet must generally be completed and made part of the trial court record,' see, *Gordon* [*v. Liberty*, 11th Dist. Portage No. 2004-P-0059, 2005-Ohio-2884] at ¶16, quoting *Morrow v. Morrow* (Sept. 4, 1998), 11th Dist. No. 97-L-237, 1998 Ohio App.

4

LEXIS 4164, *5, citing *Marker v. Grimm* (1992), 65 Ohio St. 3d 139, 601 N.E.2d 496, paragraph one of the syllabus, we and other districts have held that 'when no modification of child support is ordered, the trial court is not required to include in the record a child support worksheet.' *Id.*, citing *Orefice v. Orefice* (Dec. 19, 1996), 8th Dist. No. 70602, 1996 Ohio App. LEXIS 5752. See, also, *Barnard v. Kuppin* (Sept. 10, 1999), 1st Dist. Nos. C-980360 and C-980400, 1999 Ohio App. LEXIS 4185; *Davidson v. Davidson*, 7th Dist. No. 07 BE 19, 2007 Ohio 6919, ¶19 (some courts have held that a trial court does not need to complete a worksheet and include it in the record when it is refusing to modify an already existing child support order, calling the inclusion of a worksheet in this circumstance a 'vain act.'); *Nwabara v. Willacy*, 8th Dist. No. 8772, 2006-Ohio-6414; *Pryor v. Pryor*, 3d Dist. No. 9-2000-55, 2000-Ohio-1809."

{¶13} Mr. Koustis argues the trial court in this case was not required to fill out a child support worksheet, since it concluded no modification was proper. He also argues that since Hannah became emancipated shortly following the divorce, that change of circumstances was contemplated by the parties at the time the original child support was calculated, thus making any new order improper. *See, e.g.*, R.C. 3119.79(C).

{¶14} We review a trial court's determinations regarding child support for abuse of discretion. *Cunningham*, *supra*, at ¶26. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly

5

erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶15}** We respectfully disagree with Mr. Koustis that the judgment in this case was general, as contemplated by Civ.R. 52. Rather, the trial court held:

**{¶16}** "This Court cannot find that [Ms. Koustis] has shown by preponderance of the evidence that there has been a change of circumstances warranting a modification of [Mr. Koustis'] child support obligation. Although the Court questions [Mr. Koustis'] credibility, there has not been sufficient evidence presented to enable the Court to determine that [Mr. Koustis'] whether [Mr. Koustis'] income has increased and how much he is earning."

**{¶17}** Thus, the trial court gave its reasons for denying Ms. Koustis' motion. Further, we disagree with Mr. Koustis' assertion the parties necessarily contemplated Hannah's emancipation at the time the original child support was calculated. Nothing in the record indicates this. Rather, a handwritten note on the original child support worksheet regarding the downward deviation therein merely notes the children spent about half their time with their father.

**{¶18}** However, we also disagree the ten percent rule applies in this case. As Ms. Koustis herself notes, the original child support worksheet provided for approximately $600 per month in support – but the parties agreed to a downward deviation to $500 per month. Mr. Koustis' income has not changed: Ms. Koustis herself states that his present obligation, for two children would be $255.91 per child, or a total of $511.82. Consequently, even if the trial court had recalculated the amount of child support, it would not be ten percent more or less than the amount provided in the

6

present order, and thus, pursuant to R.C. 3119.79(A), would not be "a change in circumstance substantial enough to require a modification of the child support amount."

**{¶19}** Ms. Koustis' first and second assignments of error lack merit.

**{¶20}** Ms. Koustis' third assignment of error reads: "The trial court's decision denying Appellant's motion to Modify Child Support because Appellant failed to meet the burden of proof that there was a change in circumstances is against the manifest weight of the evidence and thus is an abuse of discretion." Her fourth assignment of error reads:

**{¶21}** "The trial court erred and abused its discretion in denying Appellant's motion to modify child support on the basis that Appellant did not present sufficient evidence to enable the court to determine that Appellee's income had increased and how much Appellee was earning, which decision is against the manifest weight of the evidence."

**{¶22}** Again, the assignments of error being interrelated, we analyze them together.

**{¶23}** In *Patterson v. Godale*, 11th Dist. Lake Nos. 2014-L-034 and 2014-L-042, 2014-Ohio-5615, at ¶12-14, we stated:

**{¶24}** "'Initially, we note that the Supreme Court of Ohio has clarified the analysis used to determine whether judgments in civil cases are against the manifest weight of the evidence. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶12-23, * * *, (* * *). In *Eastley*, the Supreme Court noted that most of Ohio's appellate courts applied the analysis set forth in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, * * *, (* * *). *Eastley* at ¶14. In *C.E. Morris*, the court held: "Judgments

7

supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris* at the syllabus. As the court in *Eastley* observed, this is the standard applicable to determining the sufficiency of the evidence underpinning a judgment. *Id.* at ¶14. The court held that the proper analysis for determining challenges to the manifest weight of the evidence is the same in civil and criminal cases, and that *State v. Thompkins*, 78 Ohio St.3d 380, * * *, (* * *) (1997*)* applies to both. *Id.* at ¶17-20. The court quoted with approval the following language used by the Ninth Appellate District:

{¶25} "'"'The (reviewing) court (* * *) weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the (finder of fact) clearly lost its way and created such a manifest miscarriage of justice that the (judgment) must be reversed and a new trial ordered."' (Alterations made in Tewarson) *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, * * *(* * *) (9th Dist.2001) * * *, quoting *Thompkins*, 78 Ohio St.3d at 387, (* * *), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, * * *, (* * *) (* * *) (1st Dist.1983)." (Parallel citations omitted.) *Eastley* at ¶20.'

{¶26} "'The court in *Eastley* further observed that in weighing the evidence in civil cases, courts of appeals must make every presumption in favor of the finder of fact, and construe the evidence, if possible, to sustain the judgment of the trial court. *Id.* at ¶21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, * * *, (* * *) (1984).' (Parallel citations omitted.) *Avery Dennison Corp. v. Transact Techs., Inc.*, 11th Dist. Lake No. 2012-L-132, 2013-Ohio-4551, ¶20-22." (Parallel citations omitted.)

8

{¶27} In support of these assignments of error, Ms. Koustis makes several arguments. She notes she had great difficulty obtaining financial records from Mr. Koustis in discovery. She points out there was a two month period when his pay was as much as $8,000. She observes he evidently obtained a mortgage by assuring the lender he had a monthly income of $8,000, plus a $20,000 annual bonus. She notes he signed the franchise agreement for the Brown Derby restaurant where he works as an owner. Several times he has made large deposits to his bank.

{¶28} Mr. Koustis asserts that he has had to obtain large loans from his father, and that he has liquidated savings plans and sold property to meet his obligations. He claims his salary increase to $8,000 was temporary, caused by an upturn in the restaurant business, followed by a sudden downturn. He notes his father is the sole shareholder of the corporation owning the Brown Derby. He claims he signed the franchise agreement as "owner" so he can keep the franchise if his father dies, and because he wishes to obtain a franchise for himself in the future.

{¶29} Such financial records as came into evidence do not indicate a rise in income for Mr. Koustis. And while the trial court expressed concern about Mr. Koustis' veracity, it did not find Ms. Koustis had carried her burden of showing such an increase. We must construe the record in favor of the trial court's judgment. Consequently, we cannot find the trial court's judgment against the manifest weight of the evidence.

{¶30} Ms. Koustis' third and fourth assignments of error lack merit.

{¶31} Mr. Koustis' assignment of error reads: "The Trial Court abused its discretion in Ordering Mr. Koustis to Pay Attorney Fees Six Times Greater than Ms. Koustis When Both Parties were Found in Contempt Simply on the Basis that Ms.

9

Koustis' Counsel Submitted a Higher Bill." Again, the trial court awarded Ms. Koustis $7,500 in attorney fees, but only $1,000 to Mr. Koustis.

{¶32} There is no transcript of proceedings regarding the awards of attorney fees in this case. Thus, while normally, we review such awards for abuse of discretion, we can only review the issue in this case for civil plain error.

{¶33} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, (1997), syllabus.

{¶34} We simply cannot find the trial court's relatively small award of attorney fees to Mr. Koustis' counsel meets the very high threshold demanded for civil plain error to apply. The trial court was in the best position to judge the expenditure of time and effort by counsel in this case.

{¶35} Mr. Koustis' assignment of error lacks merit.

{¶36} The judgment of the Geauga County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs.

THOMAS R. WRIGHT, J., concurs with a Concurring Opinion.


_____

10

THOMAS R. WRIGHT, J., concurs with Concurring Opinion.

{¶37} I concur with the majority's disposition of assignments of error one through four. I write separately to address Mr. Koustis' cross-appeal regarding attorney fees. As he failed to provide a transcript, he has failed to demonstrate error. *Nozik v. Mentor Lagoons, Inc.*, 11th Dist. Lake No. 94-L-035, 1994 Ohio App. LEXIS 5096, *3-4 (Nov. 10 1994). Disposition does not turn upon the application of the plain error doctrine.